## 9589

### BATSON *ET AL.* v. SOUTHERN RY. CO.

#### (91 S. E. 310.)

1. MUNICIPAL CORPORATIONS—STREETS—VACATION—POWERS.—Under the statute stating the charter powers and providing that the town council shall have full power to make regulations as to streets of the town necessary and proper for security, welfare, and convenience, the town council of West Greenville had power to close two streets across which a railroad was about to put eight or ten tracks, as a measure for safety within the town police power.

2. MUNICIPAL CORPORATIONS—POWERS.—While a town has only the power given it by the legislature, that does not mean that the power to do each particular act must be specifically granted.

3. INJUNCTION—RESTRAINING VACATION OF STREETS—POWERS OF COURT. —Though Courts are open to award damages for invasion of private rights, they are not justified in keeping open a dangerous street while doubtful rights are being litigated.

Before MAULDIN, J., Greenville, June, 1916.    Affirmed.

Action for injunction by A. C. Batson and others against the Southern Railway Company, existing under the laws of State of Virginia. From an order refusing application for the injunction, plaintiffs appeal.

*Messrs. Wm. G. Sirrine, McCullough, Martin & Blythe,* and *R. G. Stone,* for appellants.

*Mr. Stone* cites: *As to power of municipality:* 23 S. C. 517; 1 Dillon Municipal Corporations, p. 149, sec. 89; Civil Code, sec. 2923, 2926, 2951, 3065, 2946; 7 S. E. 146; 49 S. E. 314; 41 Am. Rep. 561; 78 Ga. 271; 2 Woods R. R. Law, sec. 273. *Distinguishes:* 92 S. C. 130.

FOOTNOTE.—As to the discontinuance or vacation of highways by acts of public authorities, see notes in 26 L. R. A. 821 to 840, 2 A. &. E. Ann. Cas. 87, 46 Am. St. Rep. 494.

*Messrs. Cothran, Dean & Cothran,* for respondent, cite: Civil Code, secs. 2940, 2946, 2985, 2893, 2951, 1932, 1933, 3065; 46 So. 141.

February 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellants thus state their case:

"This is an appeal from an order of Hon. T. J. Mauldin, Circuit Judge, refusing an application for an injunction restraining Southern Railway Company from closing two highways which cross its tracks near the city of Greenville, Pendleton road and Woodside avenue. On one side of the railroad track where these highways cross is the incorporated town of West Greenville. The other side of the track is unincorporated territory, and therefore under the jurisdiction of the county supervisor of Greenville county.

"On May 12, 1916, without the knowledge of plaintiffs, who are residents and taxpayers of West Greenville, the town council, at a meeting held without notice or advertisement, passed an ordinance allowing Southern Railway Company to construct an underpass between Pendleton street or road and Woodside avenue, and closing the present roads. The effect of this ordinance is to make a *cul-de-sac* of each highway in question from the point of their intersection several hundred yards east of the railway track and on which the property of the plaintiffs face. The lands owned by plaintiffs are used and suitable for stores, and, as stated in the complaint, most of it has been built upon already, and to take the traffic and trade from these stores would naturally render the property much less profitable. The extent of the damage is set forth in the complaint and will not be repeated here.

"Appellants admit the right of respondent to build an underpass at its own expense to serve the trolley line and any other traffic which wishes to use the underpass, but it disputes respondent's power to close Pendleton road or Woodside avenue.

"The Circuit Judge held that the town council of West Greenville were within their rights in authorizing the closing of the streets.   This appeal is from his decree."

The ordinance states:

"Whereas, Southern Railway Company proposes to utilize its present right of way through the town of West Greenville, S. C., by constructing thereon additional tracks, not less than ten where the same is now crossed by Woodside avenue and not less than eight where the same is now crossed by Pendleton street; and whereas, the use of said street at the crossing mentioned, after such construction shall have been completed, would be attended with serious danger to the citizens of the said town and others."

There is no claim that the railway is building beyond its right of way or imposing any additional burden upon the adjacent land.   There is no attempt to show that a serious danger will not be avoided by the change.   Judge Mauldin held, in short, that the town of West Greenville had the right to close a dangerous street under its police power.

West Greenville has more than 1,000 inhabitants, and the statute that governs reads:

"*Police Powers.*—And the said city or town council shall have full power to make, ordain and establish all such rules, by-laws, regulations and ordinances, respecting its roads, streets, markets, police, health and order of said city or town as shall appear to them necessary and proper for the security, welfare and convenience of the said city or town, or for preserving the health, peace, order and good government within the same."

It appears by the ordinance that this action was necessary and proper for the security and welfare of the "citizens

of said town and others." There is no showing to the contrary. It may be the town council did not have the general power to close streets, but to close up a dangerous street they have the power. It is true the town has only such power as is given by the legislature, but that does not mean that each particular act must appear.

Appellants' citation from *Blake* v. *Walker,* 23 S. C. 517, says:

"A municipal corporation has no powers except such as are conferred by its charter in express terms, or such as are necessary to carry out the powers granted."

It is not made to appear that the closing of this street is not necessary to the security of the travelers in the town.

Of course, if private rights are invaded, the Courts are open to award damages. Courts would not be justified in keeping open a dangerous place while doubtful rights are being litigated.

This practically decides all the questions that arise in this case, and the order appealed from is affirmed.