10668

HOUSTON v. TOWN OF WEST GREENVILLE *ET AL.*

(107 S. E. 902)

Municipal Corporations—Railway not Liable for Closing of Street by Town.—A railway was not liable for the closing of a street in a town, where the town had the power and authority under statute to close the street and did close the same.

Before DeVore, J., Greenville, November, 1920. Appeal dismissed.

Action by R. E. Houston against the town of West Greenville, Southern Railway Co. et al.  From order sustaining a demurrer to the complaint the plaintiff appeals.

*Messrs. Wm. G. Sirrine and Stephen Nettles,* for appelpellant, cite:  *City cannot sell right to private party to close street*:   117 N. E., 81 (Ill.); 58 N. W., 369 (Mich.).  *Administrative ordinance may be attacked for fraud*:  Dillon Mun. Corp. (5th Ed.) Sec. 778, 780: McQuillin Mun. Corp., Sec. 704; 38 Cyc., 3756; 2 L. R. A. (N. S.) 152 43 L. R. A. 678.  *Batson case* (106 S C. 307) *not conclusive on plaintiff*:   107 S. C. 406; 88 S. C. 475.  *One cannot obstruct street under void ordinance and escape liability*:  52 N. W. 49 (Mich.); 51 So. 775 (Ala.); 114 S. W. 1140 (Mo.).  *Plaintiff's lots abutted on closed street*:  13 R. C. L., 119; 1 McC. L., 67; 81 S. C., 312.  Elliott Railroads, Sec. 1085.  *Recovery is not limited to those whose property actually abuts on the closed street*:   48 S. C., 553; 119 Ill. 200; 30 L. R. A. (N. S.) 637; 82 Atl. 1035 (Conn.); 80 Pac. 633 (Kan.); 29 Atl. Rep. 594 (R. I.); 118 S. W. 318 (Ky.); 38 Atl. 482 (Pa.); 83 Pac. 316 (Wash.); 90 Atl. 983 (Md.); 106 Pal. 1128 (Idaho); 51 So. 755 (Ala.); 94 N. E. 840 (O.); 42 N. E. 178 (Ill.); 108 N. W. 480 (Minn.); 80 N. E. 573 (N. Y.); 147 N. Y. Supp. 599.  Elliott Railroads, Sec. 1986; Lewis Em. Domain, Sec. 227; McQuillin Mun. Corp., Secs. 1408-9.  *Right in street was a property right*:  67 S. C. 515.

*Messrs. Bonham & Price,* for respondent, Southern Railway Co., cite:  *Legality of ordinance sustained*:  106 S. C. 307.  *Courts will not inquire into motives of legislative bodies*:   28 Cyc. 375; 113 U. S. 703, 28 L. Ed. 1145; 52 L. R. A. 392.  *Damage to plaintiff was not special or peculiar*:  48 S. C. 553.  *Plaintiff not an abutting owner and not entitled to damage*: 64 S. C. 127: 57 Sou. 327; 52 L. R. A. (N. S.) 889; 61 Mass. 254; 11 Gray 26; 54 N. J. L. 462; 66 A. R. 70; 73 N. Y. 309; 162 Mass. 170; 2

L. R. A. (N. S.) 269.   *Abutting owner has no vested right in highway*: 110 S C. 324.

June 30, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages for closing a street, on which plaintiff's property abutted.    The defendant Southern Railway Company demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action as to said defendant, for the following reasons:

(1)   "It appears upon the face of the complaint that the street in question was closed by the town council of West Greenville, acting within their powers as a municipal corporation."

(2)   "It appears upon the face of the complaint that the plaintiff has not suffered any damages peculiar to himself and different in kind, though not in degree, from that suffered by the public generally."

(3)   "It appears upon the face of the complaint that the plaintiff's property claimed to have been damaged by the closing of the street in question does not abut upon the portion of said street vacated as alleged."

The demurrer was sustained, and the plaintiff appealed on the following exceptions:

(1) "Error in holding that the decision in  *Batson v. Southern Railway,* 106 S. C. 307, 91 S. E. 310, operated to prevent the maintenance of this action against the Southern Railway Company."

(2)   "Error in holding that the complaint does not allege special and peculiar damage."

(3)   "Error in holding that it was lawful to close Woodside avenue, under the facts set forth in the complaint and admitted by the demurrer."

(4) "Error in holding that plaintiff was not such an abutting owner upon the portion of Woodside avenue which was closed as to entitle him to damages on account of such closing."

(5) "Error in holding that the damage to plaintiff consequent upon this closing of Woodside avenue was not a taking of property within the meaning of the State and Federal Constitution."

(6) "Error in not overruling the demurrer and holding as conclusions of law: (a) That the ordinance under which Woodside avenue was closed was not a legislative exercise of the municipality's police power, but, on the contrary, a mere exercise of its ministerial or administrative powers in making a business contract. (b) That said contract was unlawful and void, because it was an attempt by the municipality to barter away its right to close streets in return for the paving of other streets by the Southern Railway Company. (c) That the Southern Railway Company, as one of the parties to the corrupt bargain and conspiracy which had as its object the closing of Woodside avenue and other streets, was liable to plaintiff in actual and punitive damages for the injuries he sustained thereby. (d) That the acts of the Southern Railway Company in obstructing and closing Woodside avenue constituted an unlawful invasion of plaintiff's rights as an abutting property owner, entitling him to damages. (e) That the complaint stated a cause of action against the Southern Railway Company for unlawful street obstruction, resulting in special and peculiar damages to plaintiff as an abutting property owner.

It was decided in the case of *Batson v. Southern Railway Co. et al.,* 106 S. C. 307, 91 S. E. 310, that the town of West Greenville had the power and authority under the statute to close the street in question. As the street was closed by the town of West Greenville, and not by the Southern Railway Company, it necessarily follows that the complaint does not state facts sufficient to constitute a cause of action

against said defendant Southern Railway Company, and that the first ground of demurrer was properly sustained.

Having reached this conclusion, the other questions presented by the exceptions become academic.

Appeal dismissed.

MR. JUSTICE COTHRAN disqualified, having been of counsel in the case.