11516

## HOUSTON v. TOWN OF WEST GREENVILLE

### (123 .S. E., 100)

1. APPEAL AND ERROR—DECISION ON FIRST APPEAL CONCLUSIVE.—On second appeal decision of Supreme Court on first appeal cannot be reviewed.

2. EMINENT DOMAIN—CITY MAY NOT OPEN OR CLOSE STREET WITHOUT PAYING DAMAGES.—Where public interest demands it, city has right to open a street or to close a dangerous street but not without paying for property taken, destroyed, or seriously damaged.

3. EMINENT DOMAIN—IN PROPERTY OWNER'S ACTION FOR CLOSING STREET EFFECT ON TRAFFIC HELD FOR JURY.—In property owner's action against a city for closing a street, effect of closing street on traffic *held* for jury.

4. EMINENT DOMAIN—ALLOWING BOTH INTEREST AND LOSS OF RENT IN PROPERTY OWNER'S ACTION FOR CLOSING STREET HELD ERROR.—In property owner's action against city for closing a street, allowing both interest and loss of rent *held* error.

5. APPEAL AND ERROR—INSTRUCTION THAT CITY WAS BOUND TO MAKE RAILROAD CROSSING SAFE HELD NOT PREJUDICIAL, IN VIEW OF ARGUMENT.—In property owner's action against city for closing a street, where city stressed danger of a railroad crossing on street, an instruction that town was bound to make railroad crossings safe *held*, not prejudicial to city.

Before TOWNSEND, J., Greenville, November, 1923. Reversed.

Action by R. E. Houston v. Town of West Greenville. Judgment for plaintiff and defendant appeals.

See also 116 S. C., 248; 126 S. C., 484.

*Messrs. Bonham, Price & Poag* and *H. P. Burbage,* for appellant, cite: *What is an abutting property owner:* 51 Sou., 327; 86 N. E., 1094; 130 N. W., 246; 124 N. W., 766; 137 N. W., 944. *Valid part of ordinance should have been sustained and invalid portion rejected:* 86 S. C., 444. *Council had right to close street:* 106 S. C., 310. *Owner of land on public highway has no property or vested right in continuance of it as a highway:* 67 S. E., 989; 51 Sou.,

327. *Closing street did not amount to taking private property:* 120 Pac., 830; 43 N. Y., 799; 139 N. W., 652; 111 N. W., 130; 116 N. W., 955; 14 L. R. A. (N. S.), 822; 5 Atl., 199; 85 Atl., 1028; 40 L. R. A. (N. S.), 48; 120 Pac., 886; 61 Mass., 254; 162 Mass., 170; 52 L. R. A. (N. S.), 899; 46 Sou., 139; 11 L. R. A., 750. *Interest not recoverable on claim against municipality:* 15 R. C. L., 17, 18; 34 L. Ed.. 336; 115 Pac., 436; 197 Pac., 651; 14 L. R. A., 38; 43 L. R. A., 634.

*Messrs. Nettles & Oxner* and *William G. Sirrine,* for respondent, cite: *Closing of street in same block in which property of plaintiff is situate is a special injury to his property:* 51 Sou., 755; 82 Atl., 1035; 106 Pac., 128; 42 N. E., 178; 80 Pac., 633; 118 S. W., 318; 90 Atl., 983; 108 N. W., 480; 52 Sou., 261; 80 N. E., 573; 30 L. R. A. (N. S.), 637; 94 N. E., 840; 38 Atl., 482; 29 Atl., 594; 83 Pac., 316; Ell. Railroads, Sec. 1986; Lewis Em. Dom., Sec. 1408-09. *Court will not inquire into particulars of a verdict as to whether it included interest:* 2 Speers L., 594; 16 S. C., 587; 34 S. C., 508. *Interest recoverable:* 17 S. C., 16; 119 S. C., 319; 69 S. C., 481; 49 S. C., 449; 29 N. E., 637; 67 S. C., 334. *Diversion of traffic damaged plaintiff:* 67 S. C., 515; 17 S. C., 66.

May 21, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The following is the statement in this case.

"This action was commenced on November 24, 1919, by service of summons and complaint upon town of West Greenville, Southern Railway Company, and Walker D. Hines, Director General of Railroads. The latter defendant was joined because of the fact that at the time the suit was filed the railroad was in the hands of the federal government. The defendant, Southern Railway Company, demurred to the complaint, which was sustained by Judge De

Vore in an order passed at the November, 1920, Court of Common Pleas for Greenville County. An appeal was taken to the Supreme Court, but the presiding Judge was sustained in an opinion reported in 116 S. C., p. 248; 107 S. E., 902.

"Thereafter plaintiff called for a trial against the remaining defendant, town of West Greenville. Upon call of the case this defendant also demurred to the complaint upon practically the same grounds as had been advanced by the Southern Railway Company. The judge heard this demurrer, and sustained the same in a short order filed at the November, 1921, term of the Court of Common Pleas for Greenville County. Another appeal was taken to the Supreme Court. This time the Supreme Court upheld the appeal, and in an opinion reported in 120 S. E., 236, sent the case back for a new trial.

"The case was tried before Judge Townsend and a jury on November 19, 1923, and a verdict of $10,000 was returned in favor of the plaintiff. This appeal is from that verdict and the judgment entered thereon."

The appellant asks to review the case in 120 S. E. This decision is *res adjudicata* in this case, and cannot be reviewed here.

I. A city has the right to open a street when the public interest demands it, and it has the right to close a dangerous street when the public interest demands it. It can do neither without paying for the property taken or destroyed or seriously damaged.

II. There was no error in submitting this case to the jury. This Court has held that the complaint stated a cause of action, and there was evidence to sustain the allegations of the complaint.

III. The next question raised by the appellant is: Was the action of the town fraudulent? It is immaterial whether it was fraudulent or not. The question submitted in the charge was the amount of damage, if any, and this point cannot be sustained.

IV. The next two questions are: (a) Was the closing of the street the cause of diverting traffic? (b) If Woodside Avenue was open by ordinance today, would traffic change back? Those were questions for the jury.

V. The next assignment of error must be sustained. The charge allowed both interest and loss of rent. This was error. This was manifestly a slip of the tongue in this very able charge; but both were allowed, and it is too manifest for argument that both cannot be recovered.

VI. We see no error in the charge on the block rule.

VII. The appellant complains that his Honor erred in charging the jury that the town authorities were duty bound to make railroad crossings safe. It says: "This had no connection in this case, and was confusing." In the trial of the case the appellant stressed the danger of the crossing, and cannot complain.

The judgment is reversed.

Mr. Justice Watts concurs.

Mr. Justice Marion concurs in result.

Mr. Justice Cothran disqualified.

Mr. Chief Justice Gary did not participate.