15971

COTHRAN *ET AL.* v. ROCK HILL *ET AL.*
(48 S. E. (2d) 615)

*Messrs. Gaston & Hamilton,* of Chester, and *Hart & Moss,* of York, for Appellants,

*Messrs. Wilson & Wilson*, and *Spencer & Spencer*, of Rock Hill, for Respondents,

July 17, 1947.

STUKES, J.: It was necessary to fully consider this action for the purpose of the decision of the appeals in *City of Rock Hill et al. v. Cothran et al.*, 209 S. C. 357, 40 S. E. (2d) 239, and it was analyzed in the opinion there rendered. Our conclusion was that the case instituted by the City of Rock Hill be dismissed and that the present action proceed for the purpose of determining the damages allegedly suffered by plaintiffs by reason of the closing of a section of a street adjacent to their premises. For a full understanding of the controversy now at hand reference may be had to the cited report of our former decision.

After the latter, appellants, plaintiffs in this remaining action, served an amended complaint. It was predicated upon the proposition that the respondent, Rock Hill Printing & Finishing Company, is liable in contract to the appellant landowners for their alleged damages; there were also allegations appropriate to a tort action, which we decided in the prior appeals it is not. The Company demurred and also made an identical motion with the defendant City of Rock

Hill and its councilmen to strike out the allegations purportedly connecting the Company with the alleged liability and the allegations appropriate to an action *in tort*.

The lower court sustained the demurrer of the Company and granted the motion to strike. Appeal therefrom is upon numerous exceptions which appellants have summarized in a lesser number of questions which we proceed to answer. The first and most important is whether The Rock Hill Printing & Finishing Company was properly made a defendant.

Appellants earnestly argue the principle that where one makes a promise, supported by valid consideration, for the benefit of a third person, that third person may maintain an action on such promise. Our cases upon the subject are collated in 8 S. E. Dig. 170 *et seq.*, 187, and a recent one is *Standard Oil Company of New Jersey v. Powell Paving & Contracting Co.*, 139 S. C. 411, 138 S. E. 184, rehearing denied, 140 S. C. 39, 138 S. E. 544, in which the contract was a construction bond, a common example of application of the principle.

For the rule to apply to a contract not required by public law or regulation, it must appear that the result of it was intended by the contracting parties, that is that they intended (contrary to the presumption) to create a direct, not incidental or consequential, benefit to the third party, a stranger to the contract. *Ancrum v. Camden Water, Light & Ice Co.*, 82 S. C. 284, 64 S. E. 151, 21 L. R. A., N. S. 1029. *Mack Mfg. Co. v. Massachusetts Bonding & Ins. Co.*, 103 S. C. 55, 87 S. E. 439, 81 A. L. R. 1286 *et seq.*, annotation. Vol. 1, Restatement of the Law of Contracts, 151 *et seq.*, Sec. 133 *et seq.* That necessary element of a cause of action in contract in appellants against the Company is absent from the facts alleged in the amended complaint. There is not sufficient allegation that the Company and the City contracted for the intended benefit of the appellants. Rather it is that the Company contracted to indemnify the City

for loss resulting from damages to appellants and others which may be recovered at law against the City and for the costs and expenses of litigation following the closing of the street. More will be said as to this feature of the alleged contract.

Moreover, we are bound to the indicated conclusion by precedent. Protracted litigation resulted from the closing by the municipality of West Greenville of two streets which crossed at grade the tracks of the Southern Railway Company, and the substitution of a single underpass at a different location. Decisions upon appeals entitled *Houston v. Town of West Greenville* are reported in 116 S. C. 248, 107 S. E. 902; *Id.*, 126 S. C. 484, 120 S. E. 236; and *Id.*, 128 S. C. 478, 123 S. E. 100. A forerunner was *Batson v. Southern R. Co.*, 106 S. C. 307, 91 S. E. 310, 311, in which injunction was unsuccessfully sought by citizens of West Greenville against the Railway Company and it was held that the municipality had the power to close the streets in the public interest and it was significantly said: "Of course, if private rights are invaded, the courts are open to award damages".

The first Houston appeal was very similar to that now in hand. The plaintiff sued the town and the Railway Company for damages to his property which abutted one of the closed streets, alleging a contract whereby the Company assumed liability for such damages. Demurrer of the Company was sustained upon the ground that the street was closed not by it but by the municipality under its powers as such. In the *Houston case* reported in 126 S. C. 484, 120 S. E. 236, 237, copy of the ordinance, containing the purported contract, appears. It is practically the same as that alleged in this case: "To indemnify and save harmless the town of West Greenville from all damages and costs that may be recovered against it by any person on account of the closing, altering or changing of said streets * * *." (In this case the Company is "to save harmless the city and pay all damages to property owners which may be es-

tablished within the purview of the law * * *") Appeal was from the sustention of demurrer of the town, after the Railway Company had successfully demurred. The lower court was reversed and the town's demurrer was overruled. The contract was held void as against public policy and the town was said to be liable in damages to the plaintiff in the nature of compensation for the taking of his property. This he later recovered in the amount of $10,000.00 but the verdict was set aside for error in the court's instructions to the jury. 128 S. C. 478, 123 S. E. 100.

These authorities leave no room for doubt that appellants have no cause of action against the Rock Hill Printing & Finishing Company on account of the facts alleged in the amended complaint. The Company's demurrer was properly sustained and it dismissed as a defendant.

The foregoing conclusion largely dictates decision with respect to the appeal from the action of the Circuit Court in striking certain allegations from the amended complaint. All such having to do with the contended liability of the Company were logically stricken in view of the Company's nonliability to appellants. This includes all the stricken allegations except some which were evidently made in contemplation of tort liability of the defendants. But no facts are alleged which warrant the inference of tort for which the city or its councilmen may be sued. Hence these allegations were also properly stricken from the complaint.

What has been said disposes of appellants' first and fourth questions. The second and third relate to the effect of our former decision (209 S. C. 357, 40 S. E. (2d) 239, 243) upon the present issues. In it the instant action was referred to as one to question the right of eminent domain for the taking of private property and for compensation for the taking. It and the subsequent action by the City for injunction were heard together in the Circuit Court, whose decision was appealed. This Court reversed that judgment, dismissed the City's action and directed that

this proceed. However, certain features of this action were adjudicated, which is the law of the case. The contention with respect to the power of the City to vacate the street was overruled. We quote from the opinion: "While it appears from the record that the vacation was granted on the petition of the Rock Hill Printing and Finishing Company, it is equally clear, in our opinion, that in adopting the resolution the council did not act in an arbitrary manner, without regard to the interest and convenience of the public. The resolution does not so recite, but it is implicit in the action taken by council that it considered that the vacating of a portion of Laurel Street on the showing made to it would be primarily for the public good and secondarily beneficial to the abutting property owner".

On the other hand, referring to the present action as appellant's common law remedy, we said: "The closing of a portion of Laurel Street by the City of Rock Hill constituted a 'taking' of appellants' property within the meaning of the Constitution, (article 1, § 17), and the appellants are not barred from their remedy at common law".

The lower court followed our former decision in its disposition of the demurrer and motion to strike, and we find no error.

The final question refers to a controversy which arose between the parties in the preparation of the record for appeal and was settled adversely to appellants' contentions. They objected to inclusion in the statement in the transcript that there was no essential difference between the amended and the original complaints, which was the conclusion of the circuit judge. Upon comparison of the complaints we agree with him, so no error is found in that respect.

Complaint is further made against the order of settlement because it rejected the following portion of the statement proposed by appellants: "Neither ruling nor order has been made and no hearing has been had

upon the Rule to Show Cause herein issued by Judge Sease. There has been no settlement of the cause upon the merits".

This exception appears to be based upon a misconception of the proceedings before Judge Sease, his orders and the effect of our decision upon the former appeal. He passed two orders; in one of which, relating otherwise to the instant action which only survived our judgment on appeal, he said: "It was agreed by counsel of all interested parties that the above entitled motions in both cases would be heard before me * * * and full hearing was held before me at said time and place, and I am filing opinion in both cases at this time". In the agreed statement in the record of appellants' former appeal is the following:

"A stipulation was made and entered into on October 15, 1945, preserving the *status quo* to all parties named in the two actions pending an effort of counsel to agree on issues of law, fact, and procedure, and providing if Counsel failed to agree within fifteen days that the matter be taken up before Judge Sease at such time and place as he should consent to hear counsel, the same as if heard before him at Winnsboro, South Carolina, on October 16, 1945.

"Pursuant to the stipulation, Counsel for all parties appeared before Judge Sease at his chambers in Spartanburg on November 8, 1945, and were heard on showings made consisting of the verified complaint in the instant case and the verified complaint in the first action, the Court records in both actions, map of the City of Rock Hill, and pertinent parts of the minutes and records of the City Counsel; and there were full arguments."

The law of the case was made by the cited proceedings in the circuit court, the orders which issued thereon, and our judgment on appeal. There was no error in the settlement of the record.

Affirmed.

BAKER, CJ., and FISHBURNE, TAYLOR and OXNER, JJ., concur.