2127

Bob HAMMOND CONSTRUCTION COMPANY, INC., Appellant v. BANKS CONSTRUCTION COMPANY and South Carolina Department of Highways and Public Transportation, Respondents.

(440 S.E. (2d) 890)

Court of Appeals

*J. Kevin Holmes* and *Dennis E. O'Neill*, Charleston, *for appellant.*

*Richard D. Bybee*, Charleston, *for respondent South Carolina Dept. of Highways and Public Transp.*, and *T.E. Pedersen*, Charleston, *for respondent Banks Const. Co.*

Heard Dec. 8, 1993.

Decided Jan 24, 1994. Reh. Den. Mar. 8, 1994.

BELL, Judge:

This is a contract action. Bob Hammond Construction Company, Inc., sued Banks Construction Company and South Carolina Department of Highways and Public Transportation for breach of contract. The circuit court granted the Highway Department's motion for summary judgment. Hammond appeals. We affirm.

Banks Construction entered into a contract with the Highway Department to build a portion of the Mark Clark Expressway, located near Charleston, South Carolina. As part of this contract, Banks agreed to remove a bank building located in the path of the expressway. Under the terms of the contract, Banks would become the owner of the building. The Highway Department required Banks take into consideration the salvage value of the bank building in computing its bid to remove the building.

Hammond entered into a separate contract with Banks to complete certain portions of Bank's contract with the Highway Department. The contract included clearing and grubbing certain parcels of land and the demolition of fourteen structures, including the bank building. Hammond contends that as the subcontractor, it would become the bank building's owner. Hammond further contends that it considered the salvage value of the bank building in arriving at its total bid.[1]

The Highway Department's contract with Banks provides that the Highway Department may delete items from the contract without affecting the remainder of the terms. It also states that the contractor may not seek any lost profits as the result of a deletion.

After the prime contract and subcontract were executed, the Highway Department deleted the demolition of the bank building from its contract with Banks.[2] Hammond claims the

---

[1] Hammond's total bid was $184,782. Included in this total was a bid of $1,000 to demolish the bank building. Although Hammond's bid indicated that it would demolish the bank building, its owner testified that he wanted to move the bank building and use it as his office.

[2] Hammond alleges the building was never actually deleted from the contract. Because this issue makes no difference to our analysis, however, we do not address it.

Highway Department and Banks breached their contracts by failing to deliver the bank building to it and that it is entitled to recover $238,000, the approximate fair market value of the building.

The Highway Department moved for summary judgment on the ground, *iter alia*, there was no privity of contract between it and Hammond. The circuit court granted the motion on this ground. This appeal followed.

Hammond argues that although it was not a party to the contract between the Highway Department and Banks, it had a sufficient relationship with the Highway Department to support an action against it.

Generally, one not in privity of contract with another cannot maintain an action against him in breach of contract, and any damage resulting from the breach of a contract between the defendant and a third party is not, as such, recoverable by the plaintiff. *R.F. Burton Co. v. Southern Marine Associates, Inc.*, 130 Ga. App. 111, 202 S.E. (2d) 544 (1973). *Accord De Vore v. W.S. Barstow & Co.*, 166 S.C. 298, 164 S.E. 842 (1932); *McBride v. Floyd*, 18 S.C.L. (2 Bailey) 209 (1831). However, if a contract is made for the benefit of a third person, that person may enforce the contract if the contracting parties intended to create a direct, rather than an incidental or consequential, benefit to such third person. *Cothran v. Rock Hill*, 211 S.C. 17, 43 S.E. (2d) 615 (1947).

Hammond was no more than an incidental beneficiary of the contract between the Highway Department and Banks. Therefore, it cannot maintain an action against the Highway Department under its contract with Banks.

Hammond contends that it had been a subcontractor for the Highway Department since the late 1970's and that in relation to its work on the Mark Clark Expressway, it had submitted all required documentation and had been certified by the Highway Department as a subcontractor on the project. Furthermore, Hammond alleges it attended regular progress meetings between the Highway Department, Banks, and the subcontractors and that the Highway Department had specific knowledge of Hammond's contract with Banks. Finally, Hammond contends its contract with Banks bound the parties to the identical rights and obligations that existed under Bank's contract with the Highway Depart-

ment. Hammond claims these facts create a sufficient third-party relationship between itself and the Highway Department to allow the breach of contract action.

Assuming for purposes of the summary judgment motion that all of Hammond's allegations are true, they do not transform Hammond into an intended beneficiary under the Highway Department's contract with Banks. Hammond has failed to introduce any evidence showing the Highway Department and Banks entered into their contract to directly benefit Hammond. *See Southeast Grading, Inc. v. City of Atlanta*, 172 Ga. App. 798, 324 S.E. (2d) 776 (1984). The mere fact that Hammond might ultimately and indirectly benefit from the contract between the Highway Department and Banks is not sufficient. *See Bartley v. Augusta Country Club, Inc.*, 1972 Ga. App. 289, 322 S.E. (2d) 749 (1984).

Because we find Hammond cannot maintain a breach of contract action against the Highway Department, we do not reach the remaining arguments raised on appeal.

Affirmed.

SHAW and CONNOR, JJ., concur.