605 S.E.2d 750

**WINDSOR GREEN OWNERS ASSOCIATION, INC., Respondent,**

v.

**ALLIED SIGNAL, INC., Honeywell International, Inc., and Stanley V. Kaminski, Defendants,**

**of whom Allied Signal, Inc. and Honeywell International, Inc. are, Appellants.**

No. 3884.

Court of Appeals of South Carolina.

Heard Oct. 12, 2004.

Decided Nov. 1, 2004.

Rehearing Denied Dec. 16, 2004.

14

William S. Brown and Jeffrey W. Newman, both of Greenville, for Appellants.

E. Glenn Elliott, Robert E. Lee, and Samuel F. Arthur, III, all of Florence, for Respondent.

GOOLSBY, J.:

The circuit court granted summary judgment to Windsor Green Owners Association, Inc. on its claim that Allied Signal, Inc. was contractually liable for damages to the common area of a condominium complex that were caused by a fire. The court found Windsor Green was a third-party beneficiary to a

lease agreement Allied had with one of the condominium owners. Allied appeals. We reverse.

## FACTS

On November 23, 1998, Allied entered into a rental agreement with J.B. Allen Real Estate for the lease of a condominium at the Windsor Green condominium complex in Myrtle Beach, South Carolina. J.B. Allen Real Estate was the agent for the owners, Earl and Ula Reitzel. Windsor Green, the homeowners' association for the complex, was not mentioned in the rental agreement.

Allied allowed one of its employees, Stanley Kaminski, to move into the condominium following a fire that destroyed his home. On November 28, 1998, the condominium caught fire. An investigation revealed that Kaminski's son, Michael, had set both fires. Michael confessed to a history of arsonist activity. Allied had no knowledge of Michael's arsonist tendencies prior to the condominium fire.

Windsor Green is comprised of all the individual condominium owners. Each owner retains an undivided interest in the common areas of the complex. The "Windsor Green Condominiums Rules and Regulations" make individual owners responsible for costs and repairs to their condominiums and for any resultant damage to any adjacent unit. Owners are also responsible for damage caused by their tenants.

On December 27, 2000, Windsor Green sent a letter to Allied demanding payment of $524,712.09 for damage to the common area of the condominium complex caused by the fire. Windsor Green asserted Allied was contractually liable for the damage because Windsor Green was a third-party beneficiary to the rental agreement between Allied and J.B. Allen Real Estate based on paragraph K of the agreement. That paragraph provides as follows:

> DAMAGE K. Damage to the Property caused by Resident, Resident's family or guests, will be repaired and costs billed to the Resident and payable on demand.

After Allied refused to pay for the damage, Windsor Green filed suit against Allied, Stanley Kaminski, and Honeywell

International, Inc.,[1] alleging claims of negligence and breach of contract.

Allied later moved for summary judgment on all causes of action. Some time thereafter, Windsor Green moved for partial summary judgment on its claim of breach of contract.

Judge Steven H. John granted Allied's motion for summary judgment on the negligence claim, but denied its motion on the breach of contract claim. The next day, Judge John L. Breeden, Jr. granted Windsor Green's motion for partial summary judgment on the breach of contract claim and entered judgment in favor of Windsor Green against Allied in the stipulated amount of $524,712.09. Judge Breeden found Windsor Green was a third-party beneficiary to the rental agreement and thus entitled to recover for breach of contract for damage caused to the common area of the condominium complex.

## STANDARD OF REVIEW

"When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP." *Fleming v. Rose,* 350 S.C. 488, 494, 567 S.E.2d 857, 860 (2002). "Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Baird v. Charleston County,* 333 S.C. 519, 529, 511 S.E.2d 69, 74 (1999). "In determining whether any triable issue of fact exists, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the non-moving party." *Summer v. Carpenter,* 328 S.C. 36, 42, 492 S.E.2d 55, 58 (1997).

## LAW/ANALYSIS

■ Allied contends the circuit court erred in finding Windsor Green was a third-party beneficiary to the rental agreement between Allied and J.B. Allen Real Estate and in

---

1. Honeywell International, Inc. is the successor corporation to Allied Signal, Inc. Where appropriate, a reference to Allied shall include Honeywell International.

awarding damages to Windsor Green for breach of contract. We agree.

■ It is undisputed that Windsor Green is not a named party to the rental agreement. "Generally, one not in privity of contract with another cannot maintain an action against him in breach of contract, and any damage resulting from the breach of a contract between the defendant and a third party is not, as such, recoverable by the plaintiff." *Bob Hammond Constr. Co. v. Banks Constr. Co.*, 312 S.C. 422, 424, 440 S.E.2d 890, 891 (Ct.App.1994). "However, if a contract is made for the benefit of a third person, that person may enforce the contract if the contracting parties intended to create a direct, rather than an incidental or consequential, benefit to such third person." *Id.*

■ "The main guide in contract interpretation is to ascertain and give legal effect to the intentions of the parties as expressed in the language of the lease." *Gilbert v. Miller*, 356 S.C. 25, 30, 586 S.E.2d 861, 864 (Ct.App.2003) (holding it was clear the lease language evidenced no intent to make the plaintiff, either as a guest or a tenant, a third-party beneficiary by imposing a duty in tort on the landlord to prevent a tenant's dog from injuring another).

■ "If a contract's language is clear and capable of legal construction, this Court's function is to interpret its lawful meaning and the intent of the parties as found in the agreement." *Id.* at 30–31, 586 S.E.2d at 864. "A clear and explicit contract must be construed according to the terms the parties have used, with the terms to be taken and understood in their plain, ordinary, and popular sense." *Id.* at 31, 586 S.E.2d at 864.

The circuit court rejected Allied's argument that the rental agreement in this case could not be interpreted to indicate the parties' intention to bestow third-party benefits upon Windsor Green. The court noted condominiums are creatures of statute; thus, the rental agreement must be interpreted in view of the provisions of the South Carolina Horizontal Property Regime Act.

Section 27–31–120 of the Horizontal Property Act states "[a]ny conveyance or lease of an individual apartment is

deemed to also convey or lease the undivided interest of the owner in the common elements, both general and limited, appertaining to the apartment without specifically or particularly referring to same." S.C.Code Ann. § 27–31–120 (1991).

As noted above, paragraph K of the rental agreement provided: "Damage to the Property caused by Resident, Resident's family or guests, will be repaired and costs billed to the Resident and payable on demand." "Property" was not specifically defined in the rental agreement.

The term "property" is defined in the Horizontal Property Act as including "(1) the land whether leasehold or in fee simple and whether or not submerged, (2) the building, all improvements, and structures on the land, in existence or to be constructed, and (3) all easements, rights, and appurtenances belonging thereto." S.C.Code Ann. § 27–31–20(k) (Supp. 2003).

The circuit court found Allied had agreed to pay for any damage to the common areas under paragraph K of the rental agreement by applying the Horizontal Property Act's definition of "property" to the undefined term "property" appearing in paragraph K and by reading "property" to include the common areas.

Although the circuit court noted the rental agreement contained no specific language conferring third-party beneficiary rights upon Windsor Green, it found that Windsor Green was nevertheless a third-party beneficiary to the contract "since Windsor Green is the entity which maintains and controls the ownership interests of the common elements" and because Allied agreed to be financially responsible for damage to the "property" caused by it or its guests, with the term "property" encompassing the common elements.

■ We find the circuit court erred in its interpretation of the Horizontal Property Act. Section 27–31–120 does no more than make the lease of an individual condominium unit serve to also lease the owner's undivided interest in the common elements to the lessee, whether or not use of the common elements is addressed in the lease. Thus, a lessee has the same right to use the common areas of the condominium complex, such as the hallways, the stairways, etc., as has the owner.

In any case, even if section 27–31–120 and the definition of "property" as used in the Horizontal Property Act are applied to the rental agreement, nothing in the language of the contract itself implies any contractual duty on the part of Allied to be liable for damage to anyone other than to J.B. Allen Real Estate on behalf of the owners, the Reitzels. No third-party beneficiary status is created absent an intent by the parties to confer a substantial benefit on Windsor Green. Since we find no evidence of an intent to benefit Windsor Green, we hold the circuit court erred in granting summary judgment to Windsor Green on its claim for breach of contract.

As an alternative sustaining ground, the circuit court further ruled that, while Windsor Green was not specifically mentioned in the rental agreement, a condominium owner and a lessee cannot enter into a lease for the conveyance of a leasehold interest without also creating reciprocal contractual duties and obligations between the homeowners' association and the lessee despite the lack of privity. Since the owner's undivided interest in the common areas passes with the lease pursuant to the Horizontal Property Act, any rights Windsor Green would have to pursue a recovery from the owner for damages to the common areas attach to the lessee by virtue of the lease agreement; therefore, the circuit court reasoned, Windsor Green is a third-party beneficiary of the rental agreement to the extent Allied assumed obligations of the owners with respect to damage to the common areas.[2]

---

2. The circuit court based its ruling on section 27–31–120 of the Horizontal Property Act, as well as the supreme court's decision in *Davenport v. Cotton Hope Plantation Horizontal Property Regime*, 333 S.C. 71, 508 S.E.2d 565 (1998), while noting *Davenport* was factually distinguishable.

 In *Davenport*, the lessee sued the condominium association after he fell down a stairway at night in an area where the lights were not working. The supreme court cited its earlier holding in *Murphy v. Yacht Cove Homeowners Association*, 289 S.C. 367, 345 S.E.2d 709 (1986) that a member of a condominium association may bring a tort action against the association for failing to properly maintain the common elements. The holding in *Murphy* coupled with section 27–31–120 led the court to conclude that a *lessee* could bring an action *in tort* against the property regime for its failure to maintain the common areas. *Davenport*, 333 S.C. at 88, 508 S.E.2d at 574. The current

█ We do not think a rental agreement between a condominium owner and the owner's tenant by which the tenant voluntarily agreed to pay *the owner* for any property damage caused by the tenant, his family, or guests, goes so far as to make the homeowners association a third-party beneficiary of the contract, notwithstanding the fact that, by law, the tenant has the right to use the common areas. Under this rationale, a homeowners' association could directly hold a tenant contractually responsible for assessments, association dues, or any other expenses even though the parties did not intend this result by virtue of entering into a rental agreement.

Based on the foregoing, the order granting summary judgment to Windsor Green on its claim for breach of contract is **REVERSED.**

ANDERSON and WILLIAMS, JJ., concur.

---

appeal does not involve a tort claim; rather, it concerns contractual liability. Consequently, we find *Davenport* inapposite.