THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Joseph R. McMillan, Jr., Appellant,
v.
BCG Properties, LLC, Respondent.
 
 
 

Appeal From Horry County
 James E. Lockemy, Circuit Court Judge
 Paula H. Thomas, Circuit Court Judge

Unpublished Opinion No. 2007-UP-088
Submitted February 1, 2007  Filed February 23, 2007

AFFIRMED IN PART AND DISMISSED IN PART

 
 
 
Scott B. Umstead, of Myrtle Beach; for Appellant.
Henrietta U. Golding and Amanda Bailey, of Myrtle Beach; for Respondent.
 
 
 

PER CURIAM:  Joseph J. McMillan, Jr., appeals two circuit court orders, arguing:  1). the first circuit court judge erred in denying his motion for a preliminary injunction; and 2) the second circuit court judge erred in denying his motion to join an additional defendant to his cause of action against BCG Properties, LLC.  We affirm in part and dismiss in part.[1]
FACTS
On December 20, 1996, Joseph J. McMillan, Jr., entered into a commercial property lease agreement with JC & S Investments (JC & S) for the lease of retail space where he planned to conduct his real estate business.  John Clarke, the owner of the property, and Marshall Stewart, III, both JC & S partners, signed as the lessor.  Pursuant to the lease, the parties agreed that McMillan would lease a unit of retail space within a new shopping strip located on First and Second Avenue and facing Ocean Boulevard in North Myrtle Beach, South Carolina.  The lease was to run for a term of 5 years plus 10 additional 1 year periods at the option of Tenant, beginning on completion of interior walls and bathrooms, and ending 5 years plus 10 additional 1 year terms (options at the will of the Tenant) later.  Therefore, McMillans tenancy would expire no later than June 10, 2012, if he decided to exercise the options as provided in the lease.  
In December 2003, Clarke met with Henry Lewis, a certified public accountant with authority to negotiate for BCG Properties, LLC (BCG), to contract for the sale of the shopping strip.  BCG intended to purchase the property for the purpose of developing a condominium resort.  In contemplation of purchasing the property, BCG met with the two business tenants of the shopping strip, one being McMillan.  BCG bought out the remaining lease of the other tenant and entered into negotiations with McMillan regarding the buyout of his lease.  The parties dispute whether an agreement was reached regarding the buyout.  BCG contends the parties agreed upon a $150,000 purchase price.  McMillan, however, claims the parties did not reach a final agreement. 
On January 9, 2004, JC & S sold to BCG the shopping strip, subject to McMillans lease.  After the closing, McMillan declined to terminate the lease and continued to occupy the retail space.  As a result of McMillans continued occupation of the property, BCG was unable to proceed with the approximately ninety-eight million dollar project which required the demolition of the shopping strip and metal building.
On April 28, 2005, McMillan filed suit against BCG alleging that BCG intended to turn off his utilities and demolish the property.  In his Complaint, McMillan sought a Temporary Restraining Order, a Preliminary Injunction, and a Permanent Injunction in order to ensure that BCG did not interfere with his quiet enjoyment of the property.  In its Answer, BCG denied the allegations and counterclaimed for negligent misrepresentation, promissory estoppel, and requested an injunction based on McMillans promise to terminate his lease and not delay the construction project.
On the same date that McMillan filed his Complaint, he moved for a Temporary Restraining Order (TRO).  In an ex parte hearing, Circuit Court Judge Paula Thomas granted McMillans motion and scheduled a hearing for May 3, 2005.  At the conclusion of the May 3rd hearing, Judge Thomas continued the TRO through May 16, 2005, and took the motion under advisement.  By order dated May 26, 2005, Judge Thomas denied McMillans motion for a preliminary injunction and continued the TRO until forty-five days after BCG provided written notice to McMillans counsel for the location of proposed rental spaces.  In reaching this decision Judge Thomas found McMillan has an adequate remedy at law for this matter can be resolved by money.  Therefore, Judge Thomas declined to interpose the drastic remedy of injunctive relief where the parties have an adequate remedy at law.  Pursuant to this order, BCG proposed alternative rental spaces to McMillan by letters dated May 27, 2005, and June 6, 2005.  McMillan rejected each of these proposals.
On June 6, 2005, McMillan filed a motion for reconsideration of Judge Thomass May 26, 2005 order.  In this motion, McMillan asserted Judge Thomas erred in denying his motion for a preliminary injunction.  In his memorandum in support of his motion, McMillan claimed there was likelihood of success on the merits and the denial of a preliminary injunction would result in irreparable harm for which there was no adequate remedy at law.  When McMillan did not receive a hearing on his motion for reconsideration, McMillans counsel wrote a letter to Judge Thomas inquiring about her decision.  In response, Judge Thomas gave the parties until July 6, 2005, to brief any issues related to the motion.  
By order dated July 13, 2005, Judge Thomas dissolved the TRO and denied McMillans motion for reconsideration.  On August 12, 2005, McMillan appealed to this court from Judge Thomass order.[2]  
Subsequent to the July 13th order, BCG wrote McMillan a letter on July 14, 2005, in which it stated that the building demolition would commence on July 25, 2005.  In response, McMillans counsel sent BCG a letter stating that the denial of the TRO and preliminary injunction did not entitle BCG to evict McMillan without due process as provided in the Landlord/Tenant Act.  During this period of correspondence between the parties, McMillan purchased the metal building connected with the shopping strip as well as related air conditioning units.
Based on his purchase of the building and the provisions of the Landlord/Tenant Act, McMillan moved for another TRO on July 25, 2005.  On August 16, 2005, Judge Thomas held a hearing on the motion and issued a form order providing that McMillan had until September 27, 2005, to vacate the building or remove the building.  McMillan appealed Judge Thomass order to this court on September 6, 2005.[3] 
Simultaneously with his appeal to this court, McMillan filed a motion to amend his original Complaint to join Harvey Graham and John Clarke individually as defendants, and to allege a cause of action for specific performance.  After a hearing on September 14, 2005, Circuit Court Judge James Lockemy granted McMillans motion to add Harvey Graham as a defendant and amend the Complaint to include a cause of action for specific performance.  Judge Lockemy denied McMillans motion to add Clarke as a defendant.  
McMillan appealed Judge Lockemys order to this court on October 11, 2005.  This court consolidated McMillans appeal of Judge Thomass two orders dated July 13, 2005, and August 16, 2005, with his appeal of Judge Lockemys order dated September 14, 2005. 
DISCUSSION
I.
McMillan argues Judge Thomas erred in denying his motion for a preliminary injunction.  Specifically, he contends he had a valid, enforceable long-term lease and met the test for issuance of a preliminary injunction.  For reasons that will be discussed, we find McMillans argument is moot.
Generally, this Court only considers cases presenting a justiciable controversy.  Sloan v. Friends of Hunley, Inc., 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006).  A justiciable controversy exists when there is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute that is contingent, hypothetical, or abstract. Id.
A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court. If there is no actual controversy, this Court will not decide
moot or academic questions.  Seabrook v. Knox, 369 S.C. 191, ___, 631 S.E.2d 907, 910 (2006)(citations omitted); see Collins Music Co. v. IGT, 365 S.C. 544, 549, 619 S.E.2d 1, 3 (Ct. App. 2005), cert. denied (Dec. 7, 2006)(noting a matter becomes moot when some event occurs making it impossible to grant effectual relief).
Here, McMillan sought a preliminary injunction to restrain BCG from demolishing the building, turning off the utilities, and otherwise interfering with his quiet enjoyment of the property.  The parties, however, both state in their briefs that the leased premises at issue in this appeal have been demolished.  Thus, even if we were to find Judge Thomas erred in denying McMillans motion, it would have no practical effect on this controversy.  Because a decision on this issue would not grant McMillan any effectual relief, we hold the issue is moot.
Furthermore, after reviewing the case, we do not believe any exceptions to the mootness doctrine are applicable.  See Collins Music Co., 365 S.C. at 549, 619 S.E.2d at 3 (In civil cases, there are three exceptions to the
mootness doctrine:  (1) an appellate court can retain jurisdiction if the issue is capable of repetition yet evading review, (2) an appellate court can decide cases of urgency to establish a rule for future conduct in matters of important public interest, and (3) if the decision by the trial court can affect future events or have collateral consequences to the parties, the appellate court can take jurisdiction.).  Accordingly, we dismiss this portion of the appeal as moot.
II.
McMillan asserts Judge Lockemy erred in denying his motion to join John Clarke, partner in the original landlord company JC & S Investments, as a defendant.  Because McMillans lawsuit alleges causes of action for breach of contract (specific performance/damages), violation of the Unfair Trade Practices Act, and negligence, he contends that Clarke should be a party to the action given Clarkes assignment of the Lease to [BCG] does not relieve Clarke of his Landlord obligations under the lease.  We disagree.
Because McMillan fails to cite any authority for this proposition and makes only a conclusory argument, we believe McMillan has abandoned this issue on appeal. See First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting where a party fails to cite authority or where the argument is simply a conclusory statement, the party is deemed to have abandoned the issue); Mulherin-Howell v. Cobb, 362 S.C. 588, 600, 608 S.E.2d 587, 593-94 (Ct. App. 2005) (noting when an appellant fails to cite any supporting authority for his position and makes conclusory argument, the appellant abandons the issue on appeal).  However, even if properly argued, we find the issue is without merit.
Rule 19(a) of the South Carolina Rules of Civil Procedure allows a court to join, whenever possible, persons materially interested in an action so that a complete determination may be made.  Gillman v. City of Beaufort, 368 S.C. 24, 26, 627 S.E.2d 746, 747 (Ct. App. 2006).  This rule provides:

(a) Persons to Be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

Rule 19(a), SCRCP.
Here, McMillan sought to add Clarke as a defendant on the ground that he was the original lessor of the leased premises.  Clarke, however, as a partner in JC & S, sold the property to BCG on January 9, 2004, subject to McMillans lease.  Given Clarkes sale of the property and assignment of the lease to BCG, Clarke was no longer in privity of contract.  Therefore, McMillan could not maintain a cause of action against him.  See Windsor Green Owners Assn, 362 S.C. 12, 17, 605 S.E.2d 750, 752 (Ct. App. 2004) (Generally, one not in privity of contract with another cannot maintain an action against him in breach of contract, and any damage resulting from the breach of contract between the defendant and a third party is not, as such, recoverable by the plaintiff. (quoting Bob Hammond Constr. Co. v. Banks Constr. Co., 312 S.C. 422, 424, 440 S.E.2d 890, 891 (Ct. App. 1994))); Welling v. Crosland, 129 S.C. 127, 138, 123 S.E. 776, 780 (1924) (In other words, by the very act of assignment of such a contract and its acceptance by the assignee, the privity in estate created between the landlord and the original lessee by the lease passes out of the original lessee into the assignee, for the reason that thereby a right in or to the land itself passes.)(citations omitted).
Accordingly, we hold Judge Lockemy did not abuse his discretion in denying McMillans motion to amend his Complaint to add Clarke as a defendant.  See Stanley v. Kirkpatrick, 357 S.C. 169, 174, 592 S.E.2d 296, 298 (2004) (It is well established that a motion to amend is addressed to the discretion of the trial judge, and the party opposing the motion has the burden of establishing prejudice.).
CONCLUSION
Based on the foregoing, we hold McMillans appeal from Judge Thomass denial of his motion for a preliminary injunction is moot and, thus, we dismiss this portion of the appeal.  We find Judge Lockemy did not abuse his discretion in denying McMillans motion to add Clarke as a defendant.  Therefore, we affirm his order.  We emphasize that our decision in this appeal in no way affects the merits of McMillans underlying action.
 AFFIRMED IN PART AND DISMISSED IN PART.
HUFF, BEATTY, and WILLIAMS, JJ., concur. 

[1]  Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  This court denied BCGs motion to dismiss McMillans appeal as moot by order dated October 13, 2005. 
[3]  On September 16, 2005, McMillan filed a petition for supersedeas and stay with the trial court and this court in which he sought to stay Judge Thomass orders dated July 13, 2005, and August 16, 2005, pending his appeal.  The trial court and this court denied McMillans petition.