**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wilmington Trust National Association as Successor Trustee to Citibank N.A. as Trustee of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust II Mortgage Pass-Through Certificates Series 2007-1, Plaintiff,

v.

Temisan Etikerentse a/k/a Temisan L. Etikerentse, Ijeoma Etikerentse a/k/a Ijeoma Etkis, Suntrust Mortgage Inc., Capital Bank Corporation, Bank of America NA, Keybank National Association, and Olde Park Homeowners' Association Inc., Defendants.

AND

Temisan Etikerentse a/k/a Temisan L. Etikerentse, Ijeoma Etikerentse a/k/a Ijeoma Etkis, Third-Party Plaintiffs, Appellants,

v.

Specialized Loan Servicing LLC a/k/a SLS, Third-Party Defendants, Respondent.

Appellate Case No. 2020-001204

―――――――――

Appeal From Charleston County
Bentley Price, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2023-UP-346
Heard September 13, 2023 – Filed October 25, 2023

**AFFIRMED**

Robert Bratton Varnado, of Brown & Varnado, LLC, and
Brian Morris Knowles, of Knowles Law Firm, PC, both
of Charleston, for Appellants.

Blake Terence Williams, of Nelson Mullins Riley &
Scarborough, LLP, of Columbia, for Respondent.

**PER CURIAM:** In this appeal from an action for foreclosure, Temisan
Etikerentse and Ijeoma Etikerentse (collectively, Appellants) appeal the circuit
court's grant of summary judgment in favor of third-party defendant Specialized
Loan Servicing, LLC (SLS) as to Appellants' claims for breach of contract, a
declaratory judgment that SLS violated the Home Affordable Modification
Program (HAMP), violation of the South Carolina Unfair Trade Practices Act
(SCUTPA)[1], and violation of 12 C.F.R. § 1024.41, also known as the Real Estate
Settlement Procedures Act (RESPA). We affirm.

1. As to Issues I and II, alleging the circuit court lacked jurisdiction to issue the
relevant order, we deem these issues abandoned. *See State v. Lindsey*, 394 S.C.
354, 363, 714 S.E.2d 554, 558 (Ct. App. 2011) ("An issue is deemed abandoned
and will not be considered on appeal if the argument is raised in a brief but not
supported by authority."); *State v. Jones*, 344 S.C. 48, 58-59, 543 S.E.2d 541, 546
(2001) (stating an argument is deemed abandoned on appeal when conclusory and
without supporting authority).

2. As to Issue III, alleging genuine issues of material fact existed as to Appellants'
claims for breach of contract and violations of HAMP, SCUTPA, and RESPA, we
conclude SLS was entitled to summary judgment on each claim. Additionally, we
affirm the circuit court's finding that Appellants' claims were improperly brought
pursuant to Rule 14, SCRCP. *See Coker v. Cummings*, 381 S.C. 45, 51, 671 S.E.2d

---

[1] S.C. Code Ann. §§ 39-5-10 to -180 (2023).

383, 386 (Ct. App. 2008) ("When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Windsor Green Owners Ass'n v. Allied Signal, Inc.*, 362 S.C. 12, 17, 605 S.E.2d 750, 752 (Ct. App. 2004) ("Generally, one not in privity of contract with another cannot maintain an action against him in breach of contract, and any damage resulting from the breach of a contract between the defendant and a third party is not, as such, recoverable by the plaintiff." (quoting *Bob Hammond Constr. Co. v. Banks Constr. Co.*, 312 S.C. 422, 424, 440 S.E.2d 890, 891 (Ct. App. 1994))); *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 559 n.4 (7th Cir. 2012) (noting "[c]ourts have uniformly rejected these claims because HAMP does not create a private federal right of action for borrowers against servicers"); *Grenadier v. BWW L. Grp.*, No. 1:14cv827 LMB/TCB, 2015 WL 417839, at *5 (E.D. Va. Jan. 30, 2015) ("Although participating loan servicers are obligated to comply with HAMP guidelines in order to receive servicer benefits, 'HAMP does not create a private right of action for borrowers against lenders and servicers.'" (quoting *Bourdelais v. J.P. Morgan Chase*, No. 3:10-CV-670, 2011 WL 1306311, at *3 (E.D. Va. Apr. 1, 2011))) *aff'd*, 612 F. App'x 190 (4th Cir. 2015); *Wright v. Craft*, 372 S.C. 1, 23, 640 S.E.2d 486, 498 (Ct. App. 2006) (explaining that to demonstrate a claim under the SCUTPA, a party must show "(1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected the public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)"); 12 C.F.R. § 1024.41(a) ("Nothing in §1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option."); *First Gen. Servs. of Charleston, Inc. v. Miller*, 314 S.C. 439, 442, 445 S.E.2d 446, 447 (1994) ("Under Rule 14, the third-party plaintiff must have a substantive claim against the third-party defendant founded upon derivative liability. The outcome of the principal claim must impact the third-party defendant's liability; however, no right exists to implead a third-party defendant who is *directly* liable to the plaintiff."); *Deutsche Bank Nat'l Tr. Co. v. Stevenson*, No. 2:12-1854-CWH, 2013 WL 12241630, at *3 (D.S.C. Jan. 30, 2013) (holding borrowers had not alleged a valid third-party complaint against a loan servicer when the complaint sought no indemnification and no relationship existed to the mortgagor's claim against the loan servicer); *Unisun Ins. v. Hawkins*, 342 S.C. 537, 542, 537 S.E.2d 559, 561-62 (Ct. App. 2000) ("In the absence of prior state law on the issue in question, federal cases interpreting the rule are persuasive.").

**AFFIRMED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**