## 20520

Melton J. SHIPES, Appellant, v. PIGGLY WIGGLY ST. ANDREWS, INC., Respondent.

(238 S. E. (2d) 167)

*Arthur Rittenberg* and *Howe & Howe,* of Charleston, *for Appellant,*

*Young, Clement & Rivers,* of Charleston, *for Respondent,*

October 4, 1977.

GREGORY, Justice:

This is an appeal from a directed verdict in favor of Piggly Wiggly St. Andrews, Inc., in an action brought by Melton J. Shipes to recover damages for personal injuries. We affirm.

The central question is a storeowner's duty to protect its customers against the criminal acts of third persons.

In considering whether a directed verdict should have been granted, it is elementary that the evidence and all inferences reasonably deducible therefrom must be viewed in the light most favorable to the opposing party. *Farr v. Duke Power Company,* 265 S. C. 356, 218 S. E. (2d) 431 (1975). As Mr. Shipes, the appellant, was the opposing party, we briefly recite the testimony in the light most favorable to him.

Appellant, a man in his middle sixties, was shopping at respondent store on St. Andrews Boulevard in Charleston County on the evening of September 7, 1973. Between 7:30 and 8:00 p. m., he walked to his car in respondent's parking lot. He was then assaulted by several persons, none of them connected with Piggly Wiggly. At the time of the attack, appellant heard someone from the direction of the store shout, "Turn the bright lights on."

The parking lot was provided with four "mercury-vapor" lamps, which were set atop two poles. These lamps either were not shining brightly or were not turned on.

The neighborhood of the store included several bars, a liquor store, an awning company, and a real estate and insurance company. No violent crimes had been committed in the neighborhood, and the only crimes that respondent's manager knew of as occurring at the store were the theft of an employee's tape deck in the parking lot and shoplifting in the store. One arrest, for an offense not specified in the record, had been made one night in the parking lot between 10:00 and 11:00 p. m.

Appellant argues that the testimony raised a jury issue as to whether respondent negligently failed to adequately light and supervise its parking lot, which negligence proximately caused appellant's injury. Appellant cites certain sections of the *Restatement of Torts* (2d) (1965) [1]. The elements of a cause of action in tort are,

[1] Sections 302B, 314A, 315, 332, 343, 343A, 344, 439, 440-42, 448-49.

briefly: (1) duty; (2) breach of that duty; (3) proximate causation; and (4) injury. Prosser, *Handbook of the Law of Torts* § 30 (4th ed. 1971).

Generally, "duty" is the obligation to conform to a particular standard of conduct toward another. *Prosser, supra,* at § 30. The duty of a storeowner to its invitees[2] has traditionally been described as taking reasonable care to protect them. 14 S. C. Digest, "Negligence" Key No. 32(1); *Prosser, supra,* at § 61, p. 392.

A storeowner is generally not charged with the duty of protecting its customers against criminal attacks of third parties. This Court has recognized, however, that the intervening criminal act of another may not always relieve one of liability for his negligence. *Green v. Atlanta & C. Air Line Ry. Co.,* 131 S. C. 124, 126 S. E. 441 (1925); *see also Ayers v. Atlantic Greyhound Corp.,* 208 S. C. 267, 37 S. E. (2d) 737 (1946).

No South Carolina cases have been decided on the facts before us. The closest case factually is *Carter v. Atlantic Coast Line Railroad Company,* 109 S. C. 119, 95 S. E. 357 (1918). In that case an employee of the railroad was beaten and robbed at about 3:00 a. m. on the railroad's premises. At trial the employee alleged insufficient lighting. Two of the four outside lights provided by the railroad were not burning. Unlike the case now before this Court, there the lights had been out for several days. While acknowledging a breach of duty by the railroad, the Court held the lack of lighting was not the proximate cause of the attack and affirmed a directed verdict for the railroad.

Factual situations like the instant one have arisen in cases in other jurisdictions. Cases which hold the storeowner not liable as a matter of law are *O'Brien v. Colonial Village, Inc.,* 119 Ill. App. (2d) 105, 255 N. E. (2d) 205 (1970),

---

[2] For definitions of "invitee", see *Parker v. Stevenson Oil Co.,* 245 S. C. 275, 140 S. E. (2d) 177 (1965); *Prosser, supra,* at § 61; *Restatement of Torts* (2d) § 332 (1965).

and *Cornpropst v. Sloan,* 528 S. W. (2d) 188 (Tenn. 1975). The court held that a jury issue on liability was raised in *Picco v. Ford's Diner, Inc.,* 113 N. J. Super. 465, 274 A. (2d) 301 (App. Div. 1971).

In *Cornpropst v. Sloan, supra,* the court held a store and shopping center association not liable for the attack of a customer in their parking lot. The attack took place between 8:00 and 8:30 p. m. on October 18, 1973, in Memphis. The lighting conditions in the parking lot were not specified by the court.

The court affirmed the dismissal of the complaint, holding essentially that a store was not under a duty to protect against the criminal acts of a third party when it did not know or have reason to know that such acts were occurring or about to occur:

In our opinion the appropriate rule applicable to this case is as follows: There is no duty upon the owners or operators of a shopping center, individually or collectively, or upon merchants and shopkeepers generally, whose mode of operation of their premises does not attract or provide a climate for crime, to guard against the criminal acts of a third party, unless they know or have reason to know that acts are occurring or about to occur on the premises that pose imminent probability of harm to an invitee; whereupon a duty of reasonable care to protect against such act arises. *Cornpropst v. Sloan,* 528 S. W. (2d) 188, 198 (Tenn. 1975).

The Tennessee court's reasoning is supported by the *Restatement of Torts* (2d) § 344:

A possessor of land who holds it open to the public for business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent or intentional harmful acts of third persons or animals, and *by the failure of the possessor to exercise reasonable care to (a)*

*discover that such acts are being done or are likely to be done . . . .* (emphasis added)

Comment (f) to that Section explains further the duty of the storeowner:

Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. \* \* \* If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

In the present case, respondent did not know or have reason to know of criminal attacks such as the one on appellant. Thus respondent was not under a duty to protect against such attacks.

However, even if we assume, as appellant urges, that respondent was under a duty to provide adequate lighting to prevent assaults, we think appellant failed to show a breach of this duty. Appellant failed to present any proof as to respondent's actual or constructive knowledge that the lights were out; as, for instance, any proof as to how long the lights had been out. See *Carter v. Atlantic Coast Line Railway Company, supra,* where the evidence established that two of four lights were not burning and had not been burning for several nights before the assault. Such proof would have been necessary to raise a jury issue as to respondent's breach of its duty, assuming a duty existed. *See* cases in McKay, *Merchants' Liability in South Carolina for Injuries on the Premises—an Anachronism, 23*

S. C. L. Rev. 709 (1971); *See also Levin v. Sears, Roebuck & Co.*, 535 S. W. (2d) 525 (Mo. App. 1976).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.