## 21202

William C. MUNN, Administrator of the Estate of William Gary Munn, Respondent, v. HARDEE'S FOOD SYSTEMS, INC., Spartan Food Systems, Inc. and Ken Gamble, Appellants.

(266 S. E. (2d) 414)

*William M. Wilson,* Camden and *Louis P. Howell,* Spartanburg, *for appellants.*

*J. Clator Arrants* and *William S. Tetterton,* Camden, *for respondent.*

April 22, 1980.

*Per Curiam:*

The key question in this appeal is the duty of a store-owner to protect its customers against the criminal acts of third persons. We hold the lower court erred by refusing to grant appellant's motions for judgment *non obstante veredicto* and reverse.

At approximately 11:00 p. m. on August 23, 1976 while Hardee's was in the midst of closing, Gary Munn became involved in a fisticuffs with one other individual. The incident occurred outside of the appellant's restaurant, but on its premises. During the short fracas, Mr. Munn's opponent resorted to a knife and fatally injured him. Thereafter, Mr. Munn's beneficiaries instituted this wrongful death action and the jury returned a verdict for actual and punitive damages. On appeal, the appellants challenge the sufficiency of the evidence and thereby raise the primary question of the duty of the appellants to protect Mr. Munn.

This Court recently set forth the governing principles concerning the liability of a storeowner to a customer for their injury as a result of conduct by a third party. See *Shipes v. Piggly Wiggly St. Andrews, Inc.,* 269 S. C. 479, 238 S. E. (2d) 167 (1977). Essentially, we held that a store is generally not charged with the duty of protecting its customers against criminal acts of third parties when it did not know or have reason to know that such acts were occurring or about to occur.

With these governing principles in mind, we have carefully reviewed the record. It reveals that the group of people involved met under circumstances of a spontaneous nature as a result of some derogatory comments, racial in nature, which were made outside the building and not in the presence of the employees of the appellant. This is insufficient to show that the appellant knew or had reason to know that such acts were occurring or about to occur.

The respondent attempts to overcome the momentary and impulsive nature of the incident by arguing that Hardee's knowingly allowed an atmosphere of unrest to exist at its establishment which precipitated violence. This contention is unsubstantiated. Although there was a previous racial incident, it was several hours earlier and involved different persons. All the testimony regarding this incident was to the effect that it was over. Finally, minutes before the fatal fight, Hardee's night manager observed the parking lot and noticed a police car patrolling the area.

It follows, therefore, that the evidence is insufficient to sustain the judgment. Since the appellants were entitled to judgment as a matter of law, the lower court should have granted their motions for judgment *non obstante veredicto.* See *Bradburn v. Rabon,* Op. No. 20971, filed May 24, 1979.

Because of our disposition of the aforementioned issue, we need not reach the appellant's other contention of error.

Accordingly, the judgment of the lower court is reversed and the case is remanded for entry of judgment in favor of the appellants.

Reversed and remanded.