22193

Minnie BULLARD, Appellant, v. Louise EHRHARDT, d/b/a Two Notch Billiards, Respondent.

(324 S. E. (2d) 61)

Supreme Court

*Hammond A. Beale*, Columbia, *for appellant.*

*Kenneth M. Mathews* and *H. Bruce Williams*, Columbia, *for respondent.*

Heard Oct. 29, 1984.

Decided Dec. 4, 1984.

NESS, Justice:

This negligence action was brought by appellant Minnie Bullard against respondent owner of Two Notch Billiards for injuries received at the hand of another customer, Billy Ford, while she was an invitee in respondent's establishment. When appellant failed to prove the necessary elements of negligence, the trial court granted respondent's motion for nonsuit. We affirm.

Respondent noticed that Billy seemed in a daze as though he had too much to drink. She asked him to leave, and he left. Shortly he returned and within seconds threw a beer bottle intending to hit a customer named Ben. Ben ducked and the bottle instead struck appellant's eye causing serious injury.

Appellant alleges the trial court erred in granting the nonsuit because she proved the necessary elements of negligence. We disagree.

In deciding a motion for nonsuit, the trial court must ■ view the evidence and all reasonable inferences in the light most favorable to the plaintiff. If there is no relevant competent evidence reasonably tending to establish the material elements of plaintiff's case a motion for nonsuit must be granted. *Peoples Life Insurance Company of South Carolina v. Community Bank*, 278 S. C. 70, 292 S. E. (2d) 188 (1982); *Rycroft v. Gaddy*, 281 S. C. 119, 314 S. E. (2d) 39 (S. C. App. 1984).

The elements of a cause of action in negligence are ■ duty, breach, proximate cause and injury. *Shipes v. Piggly Wiggly*, 269 S. C. 479, 238 S. E. (2d) 167 (1977). The issue is what duty, if any, does a tavern owner owe to protect customers from the criminal acts of third parties.

In *Shipes, supra*, plaintiff was assaulted in the parking lot of a supermarket. Plaintiff sued alleging Piggly Wiggly had negligently failed to adequately light and supervise its parking lot.

The duty of a storeowner to its invitees is to take reasonable care to protect them. This duty does not extend to protection from criminal attacks from third parties unless the storeowner knew or had reason to know of the criminal attack. We held since the storeowner did not know or have reason to know of the criminal attack, he was not under a duty to protect against it.

In *Munn v. Hardee's Food Systems, Inc.*, 274 S. C. 529, 266 S. E. (2d) 414 (1980) a group gathered in Hardee's parking lot at closing time. Because of a derogatory racial remark there was a fight resulting in plaintiff's death. Citing *Shipes, supra,* we ruled for Hardee's holding a storeowner is generally not charged with the duty of protecting patrons against the criminal acts of third parties when it did not know or have reason to know that criminal acts were occurring or would occur.

Respondent had no forewarning Billy would throw the bottle. It happened spontaneously leaving no time for her to try to prevent something she had no knowledge or reason to know would happen.

We hold as a matter of law respondent could not have foreseen the actions of Billy, therefore no duty arose which she could breach.

Affirmed.

LITTLEJOHN, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.