856 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Bryant HILL, by and through his Guardian-ad-Litem,
Eugene C. Covington, Jr., Plaintiff-Appellant,
v.
BRIGGS & STRATTON, a corporation, Piedmont Natural Gas
Company, Inc., a corporation, Sunbeam Corporation,
formerly Aircap Manufacturers, Inc., a
corporation, Defendants-Appellees,
and
RHEEM MFG. CO., a corporation, Defendant.
 No. 87-3127.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1988.
Decided Aug. 22, 1988.
 
 Barney O. Smith, Jr. (Barney O. Smith, Jr., P.A., Danny R. Smith, Cummings & Smith on brief) for appellant.
 William U. Gunn (Holcombe, Bomar, Wynn & Gunn on brief), Stanley T. Case (Elford H. Morgan, Butler, Means, Evins & Browne, H. Donald Sellers, H. Sam Mabry, III, William M. Grant, Jr., Haynsworth, Marion, McKay & Guerrard on brief) for appellees.
 Before WIDENER and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 William Bryant Hill, a minor child, was severely burned in a flash fire which occurred, it is alleged, when the pilot light of a natural gas hot water heater ignited gasoline fumes from a lawn mower stored near the water heater. Hill brought suit against the manufacturer of the water heater (Rheem), the utility which supplied the natural gas to the house (Piedmont Natural Gas), the manufacturer of the lawn mower (Sunbeam), and the manufacturer of the motor incorporated into the lawn mower (Briggs & Stratton). All the defendants filed motions pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim, and the district court granted these motions as to all the defendants except Rheem. Rheem then reached a settlement with Hill, and is no longer involved in the suit.
 
 
 2
 Hill appeals the dismissal of his claims against Sunbeam, Briggs & Stratton, and Piedmont Natural Gas. Because the liability, if any, of Sunbeam and Briggs & Stratton may hinge on factual issues of foreseeability and the standards of the industry, we reverse the district court's dismissal of those two defendants. As Piedmont, on the other hand, had as a matter of law no duty to warn Hill of the circumstances which caused his injury, the district court's dismissal of Piedmont under 12(b)(6) was proper.
 
 
 3
 * The complaint sought damages under theories of implied warranty, strict liability for hazardous products, and negligent failure to warn. Hill has not appealed the dismissal of the implied warranty claim. The strict liability and negligence claims turn on such similar considerations that they may, at least for the purposes of considering the 12(b)(6) motions, be treated together.
 
 
 4
 Under South Carolina law two elements must be proved to prevail on a strict liability theory: the product 1) must be in a defective condition, and 2) must be reasonably dangerous to the user or consumer as a result of the defect. South Carolina Code Section 15-73-10 et seq. (1976). Hill alleges that the failure to warn that storage of a lawn mower close to a gas water heater rendered the defendants' products unreasonably dangerous, and hence defective. Naturally, manufacturers do not have a duty to warn of every conceivable type of accident which might occur involving their product; in such circumstances "[t]he test of whether a product is or is not defective is whether the product is unreasonably dangerous to the consumer or user given the conditions and circumstances that forseeably attend the use of the product." Claytor v. General Motors Corp., 277 S.C. 259, 262, 286 S.E.2d 129, 131 (1982) (emphasis added). Likewise, the question whether the failure of the appellee manufacturors to warn of the risk which caused the appellants injury constituted negligence would necessarily hinge on whether such an explosion was reasonably foreseeable to parties in the appellees' positions.
 
 
 5
 In ruling on the appellees' 12(b)(6) motions the judge acted within his discretion in confining his analysis to the pleadings, and thus refusing to transform the motion into one for summary judgment under Federal Rule of Civil Procedure 56. 5 Wright & Miller Sec. 1366 p. 678 (1969). In accordance with Federal Rules liberal policy towards pleadings, "[t]he motion to dismiss for failure to state a claim is viewed with disfavor, and is rarely granted." 5 Wright & Miller Sec. 1357 p. 598 (1969). As the determination is strictly one of law, we are to apply the same standard on review as did the district court. The question before the district court, and before us on appeal, is whether, from the pleadings, it "appear[ed] beyond doubt that [Hill could] prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The district court concluded that, as a matter of law, the accident which injured the appellant was not foreseeable, and thus that the appellees could not be liable under either strict liability or negligence theories. We are persuaded that this was properly a factual question about which reasonable minds might disagree, at least at this early stage of factual development, and therefore remand for further proceedings.
 
 
 6
 Certainly, the foreseeability test under South Carolina law does not encompass every possible accident which the imaginative mind might anticipate. Rather, it looks to the natural and probable consequences of the actor's conduct, excluding eventualities which "could not be expected to happen." Young v. Tide Craft, 270 S.C. 453, 463, 242 S.E.2d 671, 676 (1978). And indeed, the explosion which injured the appellant may seem entirely fortuitous and unexpected to the layman. But the test is not whether the accident would be foreseeable to an average, reasonable layman, but whether it was or should have been foreseeable to the actor.
 
 
 7
 Evidence might show that manufacturers of gasoline-powered lawn and garden tools are aware of explosions caused by storage of their products close to gas appliances. An inquiry into the standards of the industry may reveal that many similarly positioned manufacturers do warn consumers against storing their products near exposed flames, a finding which would speak strongly to the issue of foreseeability. Or, it may prove that such accidents are sufficiently rare that they cannot be considered the "natural and probable consequences" of a failure to provide such warning. Indeed, the facts may show that the appellant's injury was foreseeable as to a manufacturer of finished consumer products such as Sunbeam, but that a manufacturer of components such as Briggs & Stratton could not foresee that Sunbeam would fail adequately to label the finished lawn mower containing the Briggs & Stratton engine. In any event, the appellant's complaint was certainly sufficient to place the foreseeability of this explosion into issue as to both these parties, and it cannot with certainty be said at this stage that he can prove no set of facts in support of his claim which would entitle him to relief. Conley, 355 U.S. at 45-46. He must therefore be given an opportunity to investigate and offer proof concerning this factual question.
 
 II
 
 8
 Hill now seeks damages from Piedmont Natural Gas only on a theory of negligence. The complaint asserts that Piedmont was negligent in failing to warn of the "danger of a fire which could occur when a gas powered lawn mower was stored in the same room in which a gas hot water heater was located." The "proposed Amended Complaint" further charges that Piedmont knew or should have known that the gas water heater in Hill's home was installed in a room in which a gas-powered lawn mower was likely to be stored. The district court dismissed the claim against Piedmont, as it did those against Sunbeam and Briggs & Stratton, on the basis that the danger was not foreseeable. For the reasons explained above, foreseeability was a factual question not suitable for determination on a motion to dismiss for failure to state a cause of action. However, we affirm the dismissal of the claim against Piedmont because, as a matter of law, Piedmont had no duty to warn Hill against such dangers.
 
 
 9
 It is not enough for a plaintiff to show that a defendant could foresee the type of injury suffered by the plaintiff. Rather, the injury must be the foreseeable result of some breach of duty which the defendant owed to the plaintiff. Shipes v. Piggly Wiggly St. Andrews, 269 S.C. 479, 482-85, 238 S.E.2d 167, 168 (1977). The facts alleged by Hill do not point to any violation of a duty on the part of Piedmont. There is no allegation that Piedmont installed, maintained, or had any other responsibility for the water heater in appellant's home. On the contrary, it is uncontested that Piedmont did nothing more than deliver natural gas to a connection outside appellant's house. Nor is there any allegation that either the gas delivered by Piedmont or Piedmont's delivery system was defective.
 
 
 10
 Hill offers no authority suggesting that Piedmont had a positive duty to inspect houses connected to its pipelines for hazardous conditions caused by natural gas-fueled appliances manufactured and installed by parties unrelated to Piedmont, and to warn consumers about such actual or potential hazardous conditions. Absent such authority, South Carolina Public Service Commission Regulation 103-447 persuades us that no such duty exists. That regulation imposes on a gas utility, "unless specifically relieved by the Commission from such obligation," a duty to "operate and maintain in safe, efficient and proper conditions all of the facilities and delivery of gas to any customer up to and including the point of delivery into the piping owned by the customer." This imposition of an affirmative duty clearly implies the negative, that the utility's duty ends at the customer's piping, and that it is not responsible for uses and conditions occurring inside the customer's property. As the complaint does not allege that Piedmont was negligent in the performance of its duties as defined by this regulation, the claim was properly dismissed.
 
 
 11
 The district court's dismissal of the claim against Piedmont Natural Gas is affirmed, and the case is remanded with instructions to reinstate the negligence and strict liability claims against Sunbeam and Briggs & Stratton.
 
 
 12
 K.K. HALL, Circuit Judge, concurring in part, dissenting in part:
 
 
 13
 While I agree with the majority that Piedmont Natural Gas owed no duty to plaintiff, and thus, was properly dismissed from this action, I must respectfully dissent from its determination that the dismissal of defendants Briggs & Stratton and Sunbeam was premature.
 
 
 14
 The majority correctly notes that in South Carolina the test of a defective product is whether the product is unreasonably dangerous to its consumer or user "given the conditions and circumstances that foreseeably attend" its use. Claytor v. General Motors Corporation, 227 S.C. 259, 262, 286 S.E.2d 129, 131 (1982). The majority further recognizes that this foreseeability "does not encompass every possible accident" and excludes "eventualities which could not be expected to happen". Likewise, the majority accurately states the issue in ruling on this Fed.R.Civ.P. 12(b)(6) motion is whether it appears "beyond doubt that [Hill could] prove no set of facts in support of his claim which would entitle him to relief". Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Unfortunately, while stating these principles of law correctly, the majority misapplies them to the facts of this case.
 
 
 15
 While Fed.R.Civ.P. 12(b)(6) motions are generally not favored, their laudable purpose is to dispose efficiently of legally meritless claims and their use is entirely appropriate when a complaint clearly shows that a plaintiff does not have a case. 5 Wright and Miller Sec. 1357 p. 604 (1969). Here, plaintiff's complaint clearly failed to state a claim.
 
 
 16
 In essence, plaintiff alleged that the defendants were negligent in not warning consumers and users to not store a gasoline-powered lawn mower by an open flame or, in other words, to warn that gasoline is combustible. This danger is so blatantly apparent, however, that it was simply not foreseeable by the manufacturer that any consumer or user of a lawn mower would subject himself or anyone to that kind of risk.
 
 
 17
 Unfortunately, this case involves a consumer who grossly misused a product and as a result his child was tragically injured. The severity of the child's injuries, however, is not indicative of the foreseeability of his father's actions. Likewise, this tragedy does not change the law and under the law of South Carolina, the defendants simply had no duty to warn of such an obvious risk. Because this accident was in no way foreseeable by the manufacturers, I would affirm the dismissal of the claims against these defendants under Fed.R.Civ.P. 12(b)(6).