24004

John W. CRAMER, as Personal Representative of the Estate of Genevieve Zitricki, Deceased, Plaintiff v. BALCOR PROPERTY MANAGEMENT, INC., and Hidden Lake Partners, an Illinois Limited Partnership, T. Walker Brashier, individually and d/b/a/ Hidden Lake Apartments, Defendants.

(441 S.E. (2d) 317)

Supreme Court

*Douglas Franklin Patrick* and *Stephen R.H. Lewis*, both of *Covington & Patrick*, Greenville, *for plaintiff.*

*W. Howard Boyd, Jr.* and *James P. Walsh*, both of *Rainey, Britton, Gibbes & Clarkson;* and *Ray D. Lathan*, of *Lathan & Barbare*, Greenville, *for defendants.*

*C. Mitchell Brown*, of *Nelson, Mullins, Riley & Scarborough*, Columbia, *for the South Carolina Defense Trial Attorneys' Ass'n, amicus curiae.*

Heard Jan. 4, 1994.

Decided Feb. 7, 1994.

FINNEY, Justice:

Pursuant to Rule 228, SCACR, the following questions have been certified to this Court by the United States District Court for the District of South Carolina:

Does a landlord owe a duty to a tenant to provide security in and around a leased premises so as to protect the tenant from criminal activity of third parties?

If so, is the duty derived from the South Carolina Residential Landlord-Tenant Act, S.C. Code Ann. Section 27-40-10, *et. seq.* (1991), or from common law and under what circumstances does that duty arise?

## FACTS

The deceased Genevieve Zitricki was murdered in her apartment on or about April 5, 1990. The unknown assailant entered her apartment by prying open the patio sliding glass door. The plaintiff instituted a wrongful death action against the managing agents and owners of the apartment complex. The plaintiff alleges that the defendants had a duty to protect the deceased tenant from the criminal acts of a third party and breached this duty.

The defendant moved for summary judgment, asserting that there was no duty owed by the landlord to the decedent to protect her from criminal activity of a third party. As a result of that motion, the above questions were certified to this Court.

## DISCUSSION

The initial question before this Court is whether a landlord has a duty to provide security to protect tenants from the criminal activity of third parties.

The plaintiff urges this Court to recognize a view of the relationship between the landlord and tenant which is analogous to that of the innkeeper and guest relationship. In so doing, the plaintiff urges the Court to adopt the corresponding duty of the landlord to protect its tenants from foreseeable criminal activity. The plaintiff asks the Court to find that those per-

sons in exclusive control of the access to their property and who have the power to provide the necessary protection, bear the responsibility of reasonably protecting their tenants, invitees, and guests from foreseeable criminal activity.

The plaintiff claims that the landlord's duty is derived from common law. This conclusion is based on the assumption that the landlord/tenant relationship is analogous to innkeeper/guest and store owner/invitee relationships. The plaintiff asserts that the broader view draws little distinction between the above relationships. The plaintiff contends that the trend has been to impose a duty on innkeepers and merchants to protect their guests or invitees from foreseeable criminal activity of third parties. *See Bullard v. Ehrhardt,* 283 S.C. 557, 324 S.E. (2d) 61 (1984); *Munn v. Hardee's Food System, Inc.,* 274 S.C. 529, 266 S.E. (2d) 414 (1980); and *Shipes v. Piggly Wiggly St. Andrews, Inc.,* 269 S.C. 479, 238 S.E. (2d) 167 (1977). The district court in *Cooke v. Allstate Management Corp.,* 741 F. Supp. 1205 (D.S.C. 1990) considered the same cases relied on by this appellant and rejected the argument that South Carolina courts would extend the exceptions to the general rule to recognize an affirmative duty to protect tenants from criminal conduct.

*Cooke v. Allstate Management Corp.* is directly on point in addressing the questions raised here. In *Cooke,* the intruder gained access to the tenant's apartment through a sliding glass door. The tenant alleged that the attacker was able to reach her balcony by using a ladder left nearby. The tenant in *Cooke* alleged that the landlord was negligent for a number of reasons, including leaving an unsecured ladder nearby. The district court decided there was a factual issue whether the landlord's ladder was used by the attacker. Thus, the defendant's motion for summary judgment was denied on the negligence claim based upon the questions surrounding use of the ladder.

The plaintiff in *Cooke,* as in this case, attempted to extend the duty owed by store owners and innkeepers to landlords. However, the district court found that argument unpersuasive "in light of the cautious approach the South Carolina appellate courts have taken even in those contexts." *Cooke,* 741 F. Supp. at 1213. The district court was not convinced that the assumption was sound that the relationships of store owner/

invitee and innkeeper/guest are analogous to the relationship of landlord/tenant. The difference between the relationships was articulated as follows:

> [P]laces to which the general public are invited might indeed anticipate, either from common experience or known fact, that places of general public resort are also places where what men can do, they might. One who invites all may reasonably expect that all might not behave, and bears responsibility for injury that follows the absence of reasonable precaution against that common expectation. . . .
>
> Tenants in a huge apartment complex, or a tenant on the second floor of a house converted to an apartment, do not live where the world is invited to come. Absent agreement, the landlord cannot be expected to protect them against the wiles of felonry any more than the society can always protect them upon the common streets and highways leading to their residence or indeed in their home itself.
>
> An apartment building is not a place of public resort where one who profits from the very public it invites must bear what losses that public may create. It is of its nature private and only for those specifically invited. The criminal can be expected anywhere, any time, and has been a risk of life for a long time.

*Id.* at 1213, (quoting *Feld v. Merriam*, 506 Pa. 383, 485 A. (2d) 742 (1984)). The district court found the landlord/tenant relationship to be fundamentally different from the relationships for which South Carolina law will impose a duty to protect against criminal activity.

We agree with the U.S. District Court in *Cooke* in finding a fundamental distinction between the relationships of landlord/tenant and store owner/invitee and innkeeper/guest. Accordingly, we decline to find that landlords owe an affirmative duty to protect tenants from criminal activity merely by reason of the relationship.[1]

---

[1] The plaintiff is not precluded from asserting a general negligence principle. A duty may arise under the particular circumstances of the individual case based upon a showing of negligence constituting the proximate cause of the loss.

The plaintiff concedes that no statutory duty upon the landlord arises from the S.C. Residential Landlord-Tenant Act. We agree. The South Carolina Residential Landlord-Tenant Act does not impose a duty upon landlords to protect tenants from criminal activity of others.[2] While section 27-40-440 imposes a duty on a landlord to keep the premises in a fit and habitable condition,[3] the statute does not impose a duty on a landlord to provide protection to tenants against criminal activity by third parties.[4]

## CONCLUSION

We answer the question as presented to us in the negative. Under South Carolina law a landlord does not owe a duty to a tenant to provide security in and around a leased premises to protect the tenant from criminal activity of third parties. Neither common law nor the South Carolina Residential Landlord-Tenant Act imposes a duty on a landlord to provide protection to tenants against criminal activity of third parties.

Certified questions answered.

CHANDLER, TOAL and MOORE, JJ., concur.

HARWELL, C.J., not participating.

---

[2] S.C. Code Ann. §§ 27-40-10 to -940 (1991).
[3] *See Watson v. Sellers,* 299 S.C. 426, 385 S.E. (2d) 369 (Ct. App. 1989).
[4] *Cooke,* 741 F. Supp. at 1208.