2155

Gregory CALLEN, Appellant v. CALE YARBOROUGH ENTERPRISES, d/b/a Hardee's, Respondent.

(442 S.E. (2d) 216)

Court of Appeals

*E.J. Mercer*, of *Miles and Weeks*, Sumter, *for appellant.*

*Elbert S. Dorn,* of *Turner, Padget, Graham and Laney,* Columbia, *for respondent.*

Heard Feb. 9, 1994.

Decided Mar. 7, 1994. Reh. Den. April 21, 1994.

CONNOR, Judge:

Callen was injured in a fight with several other patrons in the drive-through service lane of a Hardee's restaurant in Sumter. He sued Hardee's alleging negligence. Finding no duty, the trial judge granted summary judgment for Hardee's. Callen appeals. We affirm.

Gregory Callen drove to Hardee's with a friend shortly after midnight. As they sat in their car at the drive-through service lane waiting to place their order, they got into an argument with the occupants of the car in front of them. The occupants of the front car approached Callen's car. Callen and his passenger got out. A man from the front car picked up a piece of lumber, came up behind Callen, and struck him across the face with the board. The assailants fled.

Callen admits the incident and fight happened very suddenly, without any warning:

Q. Did everything kind of happen real fast?
A. It happened fast.
Q. Was any horn-blowing or any loud noise going on that you can recall?
A. Not that I can recall off hand.
Q. Do you feel like that you had any kind of warning that you were going to get hit in the head or anything?
A. *No, I never had no warning whatsoever.*

Callen further describes the incident as follows:

[T]hey were saying words and remarks back to us and we said something back to them, they got out of the car, started toward us, I got out the car, Ollie McCoy [Callen's passenger] got out the car, and, you know, we walked out the way and then it was over just that quick.

After learning of the fight, employees of Hardee's called the police and reported the incident. The parking lot and driveway in question were well-lighted at the time of the attack.

Furthermore, Sumter police officers frequent the location.

Under South Carolina law, a merchant or restaurant owner is not charged with the duty of protecting its customer against criminal acts of third parties when it did not know or have reason to know that such acts were occurring or about to occur. *Munn v. Hardee's Food Systems, Inc.*, 274 S.C. 529, 266 S.E. (2d) 414 (1980). In *Munn*, a fight broke out at a Hardee's restaurant between the plaintiff and another individual. The plaintiff was killed as a result of the fight. On the evening in question, there had been a previous incident involving a group of people which resulted in derogatory comments of a racial nature. The Court ruled there was no reason for Hardee's to expect a violent fight would break out and, therefore, Hardee's was entitled to judgment as a matter of law.

In this case, there was no previous incident that night to put Hardee's on notice of any unrest or other problems. However, Callen argues Hardee's knowledge of numerous other violent incidents which had occurred at this location over the past several years imposed a special duty and put them on notice a violent act was likely to occur. The South Carolina Supreme Court has addressed a similar issue in *Shipes v. Piggly Wiggly St. Andrews, Inc.*, 269 S.C. 479, 238 S.E. (2d) 167 (1977). The *Shipes* court noted:

> There is no duty . . . upon merchants and shopkeepers generally, whose mode of operation of their premises does not attract or provide a climate for crime, to guard against the criminal acts of a third party, unless they know or have reason to know that acts are occurring or about to occur on the premises that pose imminent probability of harm to an invitee. . . .

*Id.* at 484, 238 S.E. (2d) at 169.

Hardee's is a fast-food restaurant which serves no alcohol. It certainly does not fit the description of an operation which attracts or provides a climate for crime. There was no evidence Hardee's knew or had reason to know the violent act in question was occurring or about to occur. Therefore, summary judgment was proper.

Affirmed.

BELL and GOOLSBY, JJ., concur.