UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STEPHEN SIZEMORE; PAULA SIZEMORE;
PAULA SIZEMORE, as Guardian ad
Litem for Kamuel Sizemore, a
minor,
<u>Plaintiffs-Appellants,</u>

and

MATSUSHITA ELECTRIC CORPORATION
OF AMERICA,

No. 96-1587

<u>Plaintiff,</u>

v.

HARDWOOD PLYWOOD AND VENEER
ASSOCIATION,
<u>Defendant-Appellee,</u>

and

GEORGIA-PACIFIC CORPORATION,
<u>Defendant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CA-94-2894-6-3, CA-94-2895-6-3, CA-94-2896-6-3)

Argued: April 10, 1997

Decided: June 4, 1997

Before MURNAGHAN and WILLIAMS, Circuit Judges,
and CLARKE, Senior United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Paul Foster, FOSTER & FOSTER, L.L.P., Green-
ville, South Carolina; Robert Daniel Moseley, Jr., LEATHERWOOD,
WALKER, TODD & MANN, P.C., Greenville, South Carolina, for
Appellants. Brock R. Landry, JENNER & BLOCK, Washington,
D.C., for Appellee. **ON BRIEF:** D. Scott Barash, JENNER &
BLOCK, Washington, D.C.; William M. Grant, GRANT, LEATHER-
WOOD & STERN, P.A., Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Plaintiffs, Stephen, Paula and Kamuel Sizemore, were injured
on December 1, 1991 when their house located in Greenville County,
South Carolina caught on fire. They sued the Hardwood Plywood and
Veneer Association ("HPVA"), a non-profit association of plywood
manufacturers, arguing that HPVA negligently concealed reports
from the late 1960s which would have indicated that plywood was an
unacceptable fire risk. They also allege a civil conspiracy between the
association and plywood manufacturers.

The district court granted HPVA's motion for summary judgment
finding that 1) HPVA owed no duty to Plaintiffs; 2) actions by HPVA
were not the proximate cause of Plaintiffs' injuries; and 3) HPVA did
not conspire with manufacturers to injure the Plaintiffs. Plaintiffs
have appealed.

FACTS

The Plaintiffs seek to recover damages from HPVA [1] for personal injuries resulting from the fire. They allege that hardwood plywood paneling manufactured by Georgia-Pacific and installed in their home when it was constructed in 1970 was defective and unreasonably dangerous because it was highly flammable and susceptible to rapid flamespread.

HPVA promotes the use of plywood, monitors and comments on legislative and regulatory issues affecting the industry, and engages in testing and research of industry products. Plaintiffs contend that HPVA misrepresented and concealed information which indicated that plywood was unreasonably dangerous and flammable. They further contend that but for HPVA's actions, the plywood would not have been installed in their house and the fire would have been less severe.

Since 1978, the building code for Greenville, South Carolina has required that all interior finish materials, including interior plywood, in single family dwellings must achieve a Class "C" flamespread rating. Prior to 1978, South Carolina had no requirements regarding the flamespread rating of interior finish materials. At all times, the plywood in Plaintiffs' home has complied with the flamespread requirements of all model building codes including all the building codes in South Carolina.

Plaintiffs contend that HPVA's continued advocacy of the Class "C" requirement caused their injuries. As specific evidence of HPVA's alleged wrongdoing, Plaintiffs point to HPVA's activities in the late 1960's in response to proposals to amend various building codes, including the Uniform Building Code, a model building code promulgated by the International Conference of Building Officials and used in many Western states. The specific proposal in question would have required hardwood plywood paneling to be solidly backed with non-combustible material such as gypsum board.

_____

[1] The district court added Matsushita Electric Corporation of America ("MECA") as a party plaintiff. MECA manufactured a microwave oven allegedly involved in the fire.

3

HPVA commissioned the Southwest Research Institute ("SwRI") to conduct a study to evaluate the performance of several different types of interior wall finishes. SwRI built a full-size three room house and conducted three fire tests of the following interior wall finish materials: (1) gypsum board; (2) hardwood plywood paneling solidly backed with gypsum board; and (3) hardwood plywood paneling nailed directly to wall studs. A fourth test, on hardwood plywood paneling that had been treated with a flame retardant coating, was conducted later in 1968. SwRI prepared detailed reports on those tests for HPVA.

The testing revealed no major difference between hardwood plywood backed with gypsum board and hardwood paneling nailed directly to wall studs. This was the comparison directly related to the building code proposal. However, the testing also indicated that gypsum board performed significantly better than plywood in all fire tests.

The findings regarding plywood and plywood backed with gypsum board were published in the March 1969 issue of the Fire Journal, a publication of the National Fire Protection Association. HPVA approved the publication of the article. The article did not discuss the gypsum test or the test conducted on fire-retardant treated plywood.

HPVA circulated the Fire Journal article in the late 1960's and early 1970's to various interested parties in the fire protection community. Internal HPVA documents from this time express a desire to keep various aspects of the SwRI testing confidential and the HPVA board of directors required board consideration of any request for the reports. The record is not clear for how long and to what extent HPVA concealed the findings in the SwRI tests. However, in 1974, HPVA submitted copies of all the SwRI test reports to the National Bureau of Standards which was conducting tests concerning interior finish materials in mobile homes. In 1977, HPVA went back to SwRI and asked it to print 500 additional copies of all the test reports so that HPVA could more widely disseminate them.

Plaintiffs contend that HPVA's activities over the last 25 years constituted tortious behavior. Plaintiffs further allege that HPVA acted negligently and recklessly by manipulating the SwRI test proto-

4

col and concealing results of the SwRI tests that demonstrated the flammability of hardwood plywood paneling and the increased safety of alternatives, and by failing to warn local, state and federal regulatory bodies and the general public about the alleged flammability of hardwood plywood paneling. Plaintiffs further contend that HPVA conspired with Georgia-Pacific and others to commit those torts.

The district court granted HPVA's motion for summary judgment finding that HPVA owed no duty to the plaintiffs, there was no proximate cause, and that there were insufficient facts to support a claim for civil conspiracy. Since we find that HPVA's activities were not the proximate cause of Plaintiffs' injuries, we affirm the district court's decision.

DISCUSSION

The district court granted HPVA's motion for summary judgment on several grounds. The court of appeals reviews the district court's grant of a summary judgment motion de novo. Roe v. Doe, 28 F.3d 404, 406-7 (4th Cir. 1994). In ruling upon a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, unsupported speculation is not sufficient to defeat a motion for summary judgment. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).

The elements for a cause of action for negligence in South Carolina are duty, breach, proximate cause and injury. Bullard v. Ehrhard, 324 S.E.2d 61, 62 (1984). The district court held that HPVA owed no duty to the Plaintiffs. Plaintiffs contend that HPVA had a duty 1) to "refrain from any act which will cause foreseeable harm to others even though the nature of that harm and the identity of the harmed person or harmed interest is unknown at the time of the act," 57A Am. Jur. 2D Negligence §83, 140 (1989); and 2) under the Restatement (Second) of Torts § 324A (1965).

Viewing the facts in a light most favorable to the Plaintiffs, we find that HPVA's actions were not the proximate cause of the Plaintiffs' injuries. Since it is clear that proximate cause is not present, we

5

decline to determine whether HPVA owed a duty of care to the Plaintiffs.

In order to prevail, the Plaintiffs must show that HPVA's actions were the proximate cause of their injuries. Proximate cause is ordinarily a question of fact for the jury. Hill v. York County Sheriff's Dep't, 437 S.E.2d 179, 181 (S.C. Ct. App. 1993). However, the burden of proof is on the plaintiff. Ryan v. Eli Lilly & Co., 514 F.Supp. 1004, 1018 (D.S.C. 1981). Summary judgment is appropriate if plaintiffs have shown "no evidence which would tend to prove a causal connection" between the parties. Fleming v. Borden, Inc., 829 F.Supp. 160, 163 (D.S.C. 1992).

Plaintiffs' claim of causal connection in the instant case is insufficient. In order for a causal connection to exist between HPVA's actions and the Plaintiffs, the Court must infer the following situation. First, the Court must infer that had HPVA not suppressed the report in 1968, a different model building code would have been approved which would have prohibited the use of plywood.

Such an assertion is highly questionable. The proposal to amend the building code was rejected before SwRI finished its tests. Thus, SwRI's tests, which were presumably suppressed by HPVA, could have had no impact on the board's original decision to reject amending the building code.**2**

However, even if the Court accepts the notion that HPVA's activities led to the board's decision not to amend the building code, the Plaintiffs must then argue that had HPVA disseminated the information as soon as it became available, the model code would have prohibited the use of the type of plywood employed.

However, this supposition is unlikely. The report was made available in 1974 and is available now. There is no evidence that any state (including in particular South Carolina) has changed its building code due to the release of the full report. Thus, even if HPVA had released

---

**2** However, the decision was only temporary. Plaintiffs argue that the issue was going to be reconsidered and the HPVA's actions impacted reconsideration.

6

the report immediately, there is no indication that such a release would have had any impact on building codes.

The Plaintiffs' causation argument requires even further suppositions. Plaintiffs would also have to contend that, if the building code changes had been enacted, other states, including South Carolina, would have enacted them as well.

Yet, South Carolina's present building code allows the use of Class "C" plywood in home construction. The plywood in the Plaintiffs' home was Class "C". Therefore, even though the report has long been available, South Carolina still allows Class "C" plywood. The assertion that had the report been released in 1968, plywood would not be in the home is unsupportable since the report was released in 1974 and plywood is still allowed in home construction in South Carolina.

The causation scenario proffered by the Plaintiffs is simply too remote to support proximate cause even at the summary judgment stage. See Harris v. Rose's Stores, Inc., 433 S.E.2d 905, 907 (S.C. App. 1993) ("[c]ausation based upon a possibility rather than a probability is not sufficient for a plaintiff to recover."); Carter v. Anderson Memorial Hosp., 325 S.E.2d 78,81 (S.C. App. 1985) (speculation and conjecture are not enough to satisfy causation).

Turning to Plaintiffs' claim of a civil conspiracy, in South Carolina, in order to sustain an action for civil conspiracy, Plaintiffs must prove that HPVA's actions were the proximate cause of their injury. Todd v. South Carolina Farm Bureau Mut. Ins., 278 S.E.2d 607, 611 (S.C. 1981). Since we conclude HPVA's actions were not the proximate cause of Plaintiff's injuries, Plaintiffs' claim for damages due to civil conspiracy must fail.

On the facts upon which the Plaintiffs rely, causation is simply too remote to sustain their action. The judgment is accordingly

AFFIRMED.