THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Zachary T. Williams,       
Appellant,
 
 
 

v.

 
 
 
The Housing Authority of the City of Columbia and Mike Archie,       
Defendants,
of whom The Housing Authority of the City of Columbia is the       
Respondent.
 
 
 

Appeal From Richland County
J. Ernest Kinard, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-464
Submitted May 12, 2003  Filed July 
 9, 2003

AFFIRMED

 
 
 
John Wesley Locklair, III, of Murrells Inlet; 
 for Appellant.
Anthony W. Livoti, of Columbia; for Respondent.
 
 
 

PER CURIAM:  Zachary Williams 
 sued the Housing Authority of the City of Columbia (the Housing Authority) alleging 
 the Housing Authority negligently failed to protect him from an attack. Williams 
 appeals the trial courts grant of summary judgment in favor of the Housing 
 Authority.  We affirm. [1] 
BACKGROUND
Viewing the evidence in the light most favorable 
 to Williams, the facts are as follows.  Mike Archie is the former live-in boyfriend 
 of Tabatha Simons.  Archie and Simons have two children.  On the night of the 
 assault, Williams was a guest of Simons at her apartment in Lewis Scott Court, 
 a housing development owned and operated by the Housing Authority.  Archie came 
 to Simons apartment, banged on the door, and demanded entry.  After Simons 
 refused, Archie walked to the apartment of Larry Webber, a Housing Authority 
 employee who is responsible for after-hours maintenance at the complex, and 
 obtained a key, which he immediately used to enter into Simons apartment. 
 [2]   Upon entering the apartment, Archie assaulted Williams.
Williams 
 brought an action asserting negligence and negligent supervision against the 
 Housing Authority for injuries he received when Archie attacked him.  The Housing 
 Authority moved for summary judgment arguing it owed no duty to Williams to 
 protect him from the attack.  Lewis Scott Court was described as a generally 
 safe place to live by several deposition witnesses.  Moreover, witnesses asserted 
 Archie and Williams were acquaintances and had never previously been involved 
 in an altercation with each other.  The trial court granted the Housing Authoritys 
 summary judgment motion.  Williams appeals.
ISSUE

Did the lower court err in granting summary judgment to the 
 Housing Authority because special circumstances were created by an Authority 
 employee that imposed a duty on the Housing Authority to Williams?

STANDARD OF REVIEW
An appellate court reviewing the grant of summary 
 judgment applies the same standard applied by the trial court pursuant to Rule 
 56(c), SCRCP.  Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860 
 (2002).  Summary judgment is appropriate when there is no genuine issue of 
 material fact such that the moving party must prevail as a matter of law.  
 Id.  In deciding whether to grant summary judgment, a court should view 
 the evidence and all reasonable inferences in the light most favorable to the 
 non-moving party.  McClanahan v. Richland County Council, 350 S.C. 433, 
 438, 567 S.E.2d 240, 242 (2002).
LAW/ANALYSIS
To maintain an action for negligence, Williams 
 must plead and prove the Housing Authority owed him a duty of care, that duty 
 of care was breached, and the breach proximately caused him damages.  Bloom 
 v. Ravoira, 339 S.C. 417, 422, 529 S.E.2d 710, 712 (2000).  In a negligence 
 action, the court must determine as a matter of law whether the defendant owed 
 a duty of care to the plaintiff.  Faile v. South Carolina Dept of Juvenile 
 Justice, 350 S.C. 315, 334, 566 S.E.2d 536, 545 (2002).  Absent a duty, 
 the defendant is entitled to summary judgment.  See id. (holding 
 absent a duty, the defendant is entitled to directed verdict); Anders v. 
 South Carolina Farm Bureau Mut. Ins. Co., 307 S.C. 371, 373, 415 S.E.2d 
 406, 407 (Ct. App. 1992) (noting [r]elief granted by way of summary judgment 
 is a first cousin to a directed verdict.).
South Carolina law does not mandate a landlord 
 provide security in or around leased premises.  Cramer v. Balcor Prop. Mgmt., 
 Inc., 312 S.C. 440, 444, 441 S.E.2d 317, 319 (1994) (Under South Carolina 
 law a landlord does not owe a duty to a tenant to provide security in and around 
 a leased premises to protect the tenant from criminal activity of third parties.).  
 Nor does it require a landlord to protect a tenant from criminal activity merely 
 because of the parties relationship.  Goode v. St. Stephens United Methodist 
 Church, 329 S.C. 433, 442, 494 S.E.2d 827, 832 (Ct. App. 1997).  Additionally, 
 South Carolina law does not impose a duty on landlords to protect the guests 
 of their tenants.  Id.
Williams first argues the Housing Authority is liable 
 because it was foreseeable that giving a key to Archie could result in harm.  
 We disagree.  No matter how foreseeable an event may be, its mere forseeability 
 does not create an affirmative duty.  South Carolina State Ports Auth. v. 
 Booz-Allen & Hamilton, Inc., 289 S.C. 373, 376, 346 S.E.2d 324, 325 
 (1986).
Williams next argues Restatement 
 (Second) of Torts § 323 imposes a duty upon the Housing Authority to protect 
 him from harm because its employee gave Archie a key to Simons apartment.  
 Section 323 provides:

One who undertakes, gratuitously 
 or for consideration, to render service to another which he should recognize 
 as necessary for the protection of the others person or things, is subject 
 to liability to the other for physical harm resulting from his failure to exercise 
 reasonable care to perform his undertaking, if (a) his failure to exercise such 
 care increases the risk of such harm, or (b) the harm is suffered because of 
 the others reliance upon the undertaking.

This restatement section is consistent 
 with our law that a person can voluntarily undertake a duty.  Faile, 
 350 S.C. at 334, 566 S.E.2d at 546. 
Assuming, arguendo, the Housing Authority voluntarily 
 undertook the service of providing keys to gain access to tenants apartments, 
 we must decide to whom the duty to exercise reasonable care in rendering the 
 service flowed.  Williams asserts he is the beneficiary of the duty.  We disagree.
A licensee is a social guest or a person who 
 is privileged to enter upon land by virtue of the possessors consent.  Hoover 
 v. Broome, 324 S.C. 531, 535, 479 S.E.2d 62, 64 (Ct. App. 1996) (quoting 
 Neil v. Byrum, 288 S.C. 472, 473, 343 S.E.2d 615, 616 (1986)).  As a 
 social guest of a tenant in the complex, Williams was a mere licensee.  This 
 court reviewed a situation similar to the case before us in Goode.         
Goode involved a licensee who was a social 
 guest of a tenant in an apartment complex.  Another tenant and his guests assaulted 
 Goode.  Goode asserted the apartment complex owed him a duty.  Goode, 
 329 S.C. at 438, 494 S.E.2d at 829.  Goode argued, in part, the apartment complex 
 created a section 323 duty to protect him from tortuous acts of third parties 
 by undertaking to provide security to tenants and their guests. We rejected 
 Goodes argument, noting the security measures were undertaken to protect the 
 tenants of the complex, not the general public.  Id. at 444, 494 S.E.2d 
 at 832-33.  Likewise, when the Housing Authority voluntarily undertakes to furnish 
 apartment keys it does so for the benefit of the tenants, not the general public 
 or licensees.  
If any duty was created by the special circumstances 
 of this case, it ran from the Housing Authority to Simons, the tenant.  The 
 Housing Authoritys obligation to act prudently in performing its duty did not 
 inure to Williams benefit.  Because the Housing Authority owed Williams no 
 duty, the trial court properly granted its motion for summary judgment.
AFFIRMED.
 HEARN, C.J., CONNOR and STILWELL, JJ., 
 concur.

 
 [1] 
        We decide this case without oral argument pursuant to Rule 215, SCACR.

 
 [2]        Webber denies giving Archie the key.  The trial court 
 assumed the allegation was true for purposes of the summary judgment motion.