**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Gary L. Mole, as the Personal Representative of the Estate of Eddie Mole, Deceased, Appellant,

v.

Kramer Apartments, LLC, Respondent.

Appellate Case No. 2019-001884

———————

Appeal From Hampton County
Perry M. Buckner, III, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-407
Submitted October 3, 2022 – Filed November 16, 2022

———————

**AFFIRMED**

———————

Clarissa Warren Joyner, of The Law Firm of Clarissa Warren Joyner, of Orangeburg, for Appellant.

Morgan S. Templeton and Ford Hamby Thrift, both of Wall Templeton & Haldrup, PA, of Charleston, for Respondent.

———————

**PER CURIAM:** Gary L. Mole (Mole), as personal representative of the Estate of Eddie Mole (Decedent), appeals the circuit court's order granting summary judgment in favor of Kramer Apartments, LLC (Kramer). Mole argues the circuit

court erred by finding (1) there was no evidence to support the existence of an exception to the no duty rule; (2) Kramer owed no duty to Decedent based on contract; (3) Decedent's attack was unforeseeable; and (4) Mole's affidavit was invalid and should not be considered. We affirm.

1. We hold that viewing the evidence in the light most favorable to Mole, the circuit court did not err by finding no exception to the no duty rule applied. *See Town of Summerville v. City of North Charleston*, 378 S.C. 107, 109, 662 S.E.2d 40, 41 (2008) ("When reviewing a grant of summary judgment, an appellate court applies the same standard used by the trial court."); *id.* at 110, 662 S.E.2d at 41 ("[S]ummary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 434, 629 S.E.2d 642, 648 (2006) ("In determining whether any triable issues of fact exist for summary judgment purposes, the evidence and all the inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party."); *Bass v. Gopal, Inc.*, 395 S.C. 129, 134, 716 S.E.2d 910, 912 (2011) ("In a negligence case, where the burden of proof is a preponderance of the evidence standard, the non-moving party must only submit a mere scintilla of evidence to withstand a motion for summary judgment."); *Ellis v. Davidson*, 358 S.C. 509, 518, 595 S.E.2d 817, 822 (Ct. App. 2004) ("Summary judgment should not be granted even when there is no dispute as to evidentiary facts if there is disagreement concerning the conclusion to be drawn from those facts."); *id.* ("However, when plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted.").

Mole's facts as alleged do not give rise to an exception to the rule that a landlord generally does not owe an affirmative duty to protect a tenant from the criminal activity of a third party. *See Vinson v. Hartley*, 324 S.C. 389, 399, 477 S.E.2d 715, 720 (Ct. App. 1996) ("To prevail in an action founded in negligence, the plaintiff must establish three essential elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately caused by a breach of duty."); *Wright v. PRG Real Est. Mgmt., Inc.*, 426 S.C. 202, 213-14, 826 S.E.2d 285, 291 (2019) ("It is well-settled in South Carolina that a landlord generally does not owe an affirmative duty to a tenant to provide security in and around leased premises to protect the tenant from the criminal activity of third parties."); *id.* at 214, 826 S.E.2d at 291 (analyzing the four exceptions to the general rule enumerated in *Cooke v. Allstate Management Corp.*, 741 F. Supp. 1205, 1209 (D.S.C. 1990): "(1) the affirmative acts exception, (2) the concealed danger exception, (3) the common area exception, and (4) the

undertaking exception"); *id.* at 216, 826 S.E.2d at 292 ("The affirmative acts exception is limited to situations where the landlord's direct action increases a tenant's risk of harm from criminal activities."); *id.* ("[T]he voluntary undertaking exception invokes section 323 [of the Restatement (Second) of Torts (1965)] and may be applicable when a landlord's actions are more attenuated."); Restatement (Second) of Torts § 323 (1965) ("One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking."); *Cramer v. Balcor Prop. Mgmt., Inc.*, 848 F. Supp. 1222, 1225 (D.S.C. 1994) ("The common areas exception simply states that a landlord has a duty to maintain the common areas of a leased property in a safe condition."); *Daniels v. Timmons*, 216 S.C. 539, 549, 59 S.E.2d 149, 154 (1950) (finding this duty applies to areas "for the common use of several tenants" and is particularly "applicable to halls, entrances, porches or stairways of which no particular tenant has exclusive possession or control"); *Cooke*, 741 F. Supp. at 1211 ("This rule clearly has never been applied in South Carolina to anything except physical injuries resulting directly from the *condition* of the premises themselves.").

2.  We hold that in viewing the facts in the light most favorable to Mole, the circuit court did not err by finding that no duty arose under contract because Mole failed to provide any evidence to support a finding that Kramer owed a duty to Decedent. *See Cramer v. Balcor Prop. Mgmt., Inc.*, 312 S.C. 440, 443, 441 S.E.2d 317, 318 (1994) ("Absent agreement, the landlord cannot be expected to protect [tenants] against the wiles of felonry any more than the society can always protect them upon the common streets and highways leading to their residence or indeed in their home itself." (quoting *Cooke*, 741 F. Supp. at 1213)); *Bob Hammond Constr. Co. v. Banks Constr. Co.*, 312 S.C. 422, 424, 440 S.E.2d 890, 891 (Ct. App. 1994) (explaining that "[g]enerally, one not in privity of contract with another cannot maintain an action against him in breach of contract"); *Goode v. St. Stephens United Methodist Church*, 329 S.C. 433, 445, 494 S.E.2d 827, 833 (Ct. App. 1997) ("However, when the contract is made for the benefit of the third person, that person may enforce the contract if the contracting parties intended to create a direct, rather than an incidental or consequential, benefit to such third person."); *C.A.N. Enters., Inc. v. S.C. Health & Hum. Servs. Fin. Comm'n*, 296 S.C. 373, 377, 373 S.E.2d 584, 586 (1988) ("In construing terms in contracts, [the appellate court] must first look at the language of the contract to determine the intentions of the parties."); *see, e.g., Goode*, 329 S.C. at 446, 494 S.E.2d at 833 (holding that no

duty existed even though a lease agreement included terms to not engage or permit unlawful activities because "[i]n none of the[ lease] provisions [did the apartment complex] covenant to prevent or to protect *tenants* from the violent acts of other tenants or third parties").

3.  We hold that in viewing the facts in the light most favorable to Mole, the circuit court did not err by finding Decedent's death was unforeseeable because Kramer's alleged negligent repairs to the door were not the proximate cause of Decedent's death.  *See Bishop v. S.C. Dep't of Mental Health*, 331 S.C. 79, 88, 502 S.E.2d 78, 83 (1998) ("Negligence is not actionable unless it is a proximate cause of the injury."); *id.* ("Proximate cause requires proof of both causation in fact and legal cause."); *id.* ("Causation in fact is proved by establishing the injury would not have occurred 'but for' the defendant's negligence."); *id.* at 88-89, 502 S.E.2d at 83 ("Legal cause is proved by establishing foreseeability."); *Vinson*, 324 S.C. at 400, 477 S.E.2d at 721 ("Foreseeability is determined by looking to the natural and probable consequences of the act complained of."); *id.* at 402, 477 S.E.2d at 721 ("Ordinarily, the question of proximate cause is one of fact for the jury and the trial judge's sole function regarding the issue is to inquire whether particular conclusions are the only reasonable inferences that can be drawn from the evidence."); *id.* at 402, 477 S.E.2d at 722 ("Only when the evidence is susceptible to only one inference does it become a matter of law for the court."); *Stone v. Bethea*, 251 S.C. 157, 162, 161 S.E.2d 171, 173-74 (1968) ("The general rule of law is that when, between negligence and the occurrence of an injury, there intervenes a willful, malicious, and criminal act of a third person producing the injury, but that such was not intended by the negligent person and could not have been foreseen by him, the causal chain between the negligence and the accident is broken.").

4.  We hold the circuit court did not abuse its discretion by refusing to consider Mole's affidavit and attached exhibits because Mole failed to demonstrate his personal knowledge of the facts set forth in his affidavit and the affidavit contained conclusory allegations.[1]  *See* Rule 56(e), SCRCP ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."); *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991) ("Rule 56(e) specifically

---

[1] We acknowledge that even if we considered the affidavits and exhibits, Mole failed to provide evidence to support the existence of an exception to the no duty rule.

prohibits the nonmoving party from resting upon the mere allegations or denials of its pleadings."); *see, e.g.*, *Englert, Inc. v. Neth. Ins. Co.*, 315 S.C. 300, 304, 433 S.E.2d 871, 874 (Ct. App. 1993) (finding an affiant's status as vice president of the general contractor alone did not make him competent to testify regarding job specifications when the affidavit did not also demonstrate that he had personal knowledge of the job specifications at issue); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."); *Lavender v. Kurn*, 327 U.S. 645, 653 (1946) (stating speculation and conjecture are not a substitute for probative facts). Moreover, most of the exhibits attached to the affidavit were inadmissible hearsay. *See* Rule 56(e), SCRCP (explaining that an affidavit in opposition of summary judgment "shall set forth such facts as *would be admissible in evidence*, and shall show affirmatively that the affiant is competent to testify to the matters stated therein" (emphasis added)); Rule 802, SCRE ("Hearsay is not admissible except as provided by [the South Carolina Rules of Evidence] or by other rules prescribed by the Supreme Court of this State or by statute."); *State v. Parvin*, 413 S.C. 497, 503, 777 S.E.2d 1, 4 (Ct. App. 2015) ("Hearsay is an out of court statement, offered in court to prove the truth of the matter asserted." (quoting *State v. Townsend*, 321 S.C. 55, 59, 467 S.E.2d 138, 141 (Ct. App. 1996))).

**AFFIRMED.**[2]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.